[No. 1374.   Decided June 21, 1894.]

COUNTY OF SPOKANE, *Respondent*, v. S. G. ALLEN *et al.*, *Appellants.*

PROSECUTING ATTORNEYS — COLLECTION OF DELINQUENT TAXES — RIGHT TO ATTORNEY FEES — LIABILITY OF SURETIES.

Under the constitutional and statutory provisions of this state, the office of county attorney is identical with that of prosecuting attorney.

One who, while elected as a county attorney, assumes the duties applicable by law to the office of prosecuting attorney, and collects delinquent taxes as such prosecuting attorney, is estopped to deny that he was in reality filling the office of prosecuting attorney, when action is instituted against him by the county to recover the sums collected by him under such law.

The county attorney is not entitled to the attorney fees paid by delinquent taxpayers upon collections made by the attorney under Laws 1891, p. 321, § 105, as such extra compensation is contrary to the constitutional prohibition upon increase of compensation of public officers during their terms of office.

Although the bond given by a prosecuting attorney may provide for the payment by him to the county of all moneys that may come into his hands as such officer, yet where the legislature, subsequent to his induction into office and the giving of the bond, imposes upon him the duty of collecting delinquent taxes upon real estate, such duties are in no way so germane to the office as to render the sureties upon his bond liable for any misappropriation on his part of such delinquent tax moneys.   (HOYT, J., dissents.)

*Appeal from Superior Court, Spokane County.*

*Turner, Graves & McKinstry*, for appellants.

*R. B. Blake*, and *F. T. Post*, for respondent:

There was no new duty imposed on the prosecuting attorney by the law under which he received these taxes, for the faithful performance of which the sureties on his bond should not be held. Gen. Stat., § 225; Laws 1891, p. 318, § 101; *People v. Vilas*, 36 N. Y. 459; *United States v. Powell*, 14 Wall. 493; *Dawson v. State*, 38 Ohio St. 1; *King v. Nichols*, 16 Ohio St. 80; *Orman v. City of Pueblo*, 7 Am. & Eng. Corp. Cases, 140; *Symonds v. County of Jackson*, 63 Tex. 428; *Borden v. Houston*, 2 Tex. 534; *Houston v. Dwyer*, 59 Tex. 113; *State v. Kelly*, 43 Tex. 667; *Broome v. United States*, 15 How. 143; *Walker v. Chapman*, 22 Ala. 116; *Minor v. Mechanics' Bank*, 1 Pet. 46; *United States v. McCartney*, 10 Cent. Law Jour. 113.

The opinion of the court was delivered by

DUNBAR, C. J.— This is an action upon the alleged official bond of appellant, S. G. Allen, as prosecuting attorney of Spokane county, joining the sureties in said bond with their principal as parties defendant.

At the general election held in Spokane county on November 4, 1890, Allen was voted for and declared elected to the office of prosecuting attorney for the county of Spokane. On January 10, 1891, he qualified and gave the bond sued upon, and entered upon the discharge of his official duties. The pertinent condition of the bond was as follows:

"If said S. G. Allen shall well and truly perform all the duties required of him by law as prosecuting attorney aforesaid, and shall pay over any and all moneys that may come into his hands as such, then this obligation shall be void; otherwise of full force and effect."

On February 3, 1891, the legislature passed an act providing that all officers elected as county attorneys at the last general election should be declared to be prosecuting attorneys. Subsequent to the time when appellant executed the bond in question, to wit, on the 9th day of March, 1891, the legislature imposed upon the prosecuting attorneys of the state the duty of collecting delinquent taxes upon real estate, providing the manner in which they should prosecute by suit, and providing for attorneys fees in such cases. Allen, in the capacity of prosecuting attorney, during the year 1892, brought many of these actions for the collection of delinquent taxes and retained the attorneys fees provided for by the statutes in such cases, and upon settlement with the county refused to account for them, claiming that under the law he was entitled to the same. The agreed statement of facts is much more elaborate, and contains other statements, but the foregoing is sufficient for the purposes of this opinion.

The disposition we are compelled to make of this case renders it unnecessary to discuss the first technical objection made by the appellant, viz., that the complaint does not state a cause of action, for the reason that it does not appear affirmatively that the delinquent taxes described were taxes collected on real estate instead of personal property. We do not think there is any merit in the contention of appellant that there was no such officer, at the time the bond was given, as prosecuting attorney of the county. Outside of the facts in this case, which show that Allen was elected as prosecuting attorney for Spokane county, and gave his bond as prosecuting attorney for said county, we think, considering the provisions of the statute with relation to the provisions of the constitution, that the office of county attorney is identical with that of prosecuting attorney.

We have examined with attention and pleasure the many

cases cited by both appellant and respondent on the question of *de jure* officers and *de facto* officers, but in this case the appellant Allen has assumed that the law applied to him or to the office which he held, he performed the duties of the office, and, if we understand his position, seeks to retain the benefits of the application of the law to the office which he assumed. If he is not entitled to the fees and emoluments by reason of the applicability of the law to the office which he held, he is not entitled to them at all. These considerations, of course, as we shall hereafter see, do not apply to the sureties, but Allen is estopped from asserting them as a reason for not returning this money to the county.

Nor can we sustain the contention that it was the intention of the legislature that the attorney's fees provided for in the collection of delinquent taxes should be appropriated by the county attorney as compensation for duties extrinsic to the office. Sec. 25 of art. 2 of the constitution provides that the compensation of any public officer shall not be increased or diminished during his term of office; and § 8 of art. 11 provides that the legislature shall fix the compensation by salary of all county officers except certain officers, which exceptions do not embrace the office in question, and provides again that the salary of any county, city, town or municipal officer shall not be increased or diminished after his election; and the legislature at its next session after the adoption of the constitution proceeded to carry these provisions of the constitution into effect by fixing the salaries of the county officers, including that of the county attorney.

It would seem that giving a plain interpretation to the language of the constitution, twice expressed, would be conclusive of this proposition; but appellant cites this court to one of its own decisions, viz., *State, ex rel. Seattle, v. Carson*, 6 Wash. 250 (33 Pac. 428), in support of his con-

tention that the provisions of the constitution above cited do not preclude the legislature from increasing the compensation of public officers, where the performance of extrinsic services is imposed upon such officer. We do not think that the doctrine enunciated in that case should in any event be extended, though it is plainly distinguishable from the case at bar. In that case the court held that a legislative act which provided that the county treasurer should be charged with the duty of assessing and collecting city taxes, and that the city should pay him therefor the sum of $500 per year, did not violate the constitutional inhibition against increasing the compensation of any public officer during his term of office. It will be seen that the new duty there imposed was absolutely extrinsic and in no way connected with the performance of his duties as a county officer. The business was for another municipality and the additional compensation came from the other municipality, and, so far as construing the intention of the legislature is concerned, that body especially · provided (Laws 1893, p. 70, § 10), in plain terms that the city should pay the treasurer that amount. But the legislature has made no such provisions in relation to the county attorney, either in direct terms or by implication. It is true that the laws of 1891 (Laws, p. 321, § 105) provide for the payment of attorneys fees by the delinquent taxpayer, but they do not provide, as in the case of the treasurer above cited, that they shall be paid to the attorney who is authorized to bring the action; and we have no doubt that the intention of the legislature was that such fees were intended to reimburse the county for extra expenses incurred by the county in furnishing additional assistance to the county attorney in the performance of the additional duties imposed upon him.

But the responsibility of the bondsmen, as we have before intimated, rests upon entirely different grounds. It

was the privilege of the attorney, in case he thought the new duties could not be legally imposed upon him, to refuse to perform them, or if he was not willing to rely upon that position, to resign the office. But the responsibility of the sureties could not be made to depend upon his decision or choice in either of these contingencies. They contracted with the county with reference to the law in force at the time the contract was executed, and the law that was then in force was the law which was incorporated into and became a part of their contract, and not some law which the legislature might pass at some subsequent time which would greatly increase their risk. Of course, sureties on an official bond are presumed to take notice of the fact that changes will be made concerning the duties of their principal, and where these changes are made in matters of minor importance, which as a whole do not substantially increase their responsibilities, the sureties will not be exonerated. But wherever an entirely new and distinct class of duties, not germane to the office, are imposed upon a public officer, the sureties are not bound to answer for the added responsibilities. The general rule is thus stated by Mechem on Public Officers, §§ 305, 306:

"The contract entered into by the sureties is ordinarily to be construed by reference to that law, and that only, which was in effect at the time their contract was made and which they then had in contemplation. . . . As a rule the sureties upon an official bond can be held liable for the faithful performance of those duties only which adhered or were germane to the office at the time their undertaking was entered into, and not for other and different duties added to the office after the execution of the bond. Where the bond is given to secure the faithful execution of a given office and, after the execution of the bond, the whole nature of the office is changed, the bond ceases to be obligatory, because the office is no longer the same within the meaning of the bond."

In this action it seems to us that the new duties imposed were not in any way germane to the office at the time their undertaking was entered into. At that time the bond which the county attorney was required to furnish was more or less a simply formal requirement; but the legislature afterwards imposed upon him duties and responsibilities which before that time had attached to the offices of treasurer and sheriff, viz., to assume the responsibility of collecting and being responsible for large amounts of money. Many persons would be willing to go upon the bond of an attorney who would not be willing to make themselves responsible upon the bond of a treasurer, whose principal duty it is to collect, care for and account for money. It is well understood that a bond of this nature would carry with it more risk and responsibility than a bond given by an officer for the performance of mere clerical or professional duties, and it is not right to assume that this new and absolutely distinct duty and responsibility which is imposed upon the county attorney and through him upon his sureties should have been taken into consideration or contemplated by the sureties when they executed the bond in question. Certainly, if the office of county treasurer had been abolished by the legislature and all the duties of that officer imposed upon the county attorney, it will not be contended that the sureties on the bond of the attorney, given prior to such change, would be held responsible for any delinquencies of their principal in the performance of the new duties imposed; and where a portion of those responsibilities which are distinct from the ordinary responsibility of the county attorney are imposed, the principle is the same; the only difference is in degree.

In *King County v. Ferry*, 5 Wash. 536 (32 Pac. 538), this court held that where the legislature had extended the term of office of an officer beyond the limit fixed by law at the time of his election and qualification, the sureties upon

his bond could not be held liable for his official acts during
such extended term, for the reason that the sureties had a
right to take into consideration the requirements of the
law, so far as their principal was concerned, which was in
existence at the time that the contract was made; and it
seems to us that it would be just as inequitable to hold
here that the sureties had in contemplation a requirement
imposing an entirely different character of responsibility
upon their principal, which was afterwards imposed by the
legislature. There, this court said, no doubt the central
idea was that the term of office was for two years, and here
no doubt the central idea was that the sureties were to be-
come responsible for the faithful performance of the duties
which were then imposed by law upon the principal, and
not for the duties which might afterwards be imposed. It
is not the fault of the sureties that the legislature did not
provide an additional bond to be given by the county at-
torney as tax collector when these additional burdens and
responsibilities were imposed upon him. This is in har-
mony with the rule also laid down by 2 Brandt on Surety-
ship and Guaranty, § 548, that—

"As a general rule the sureties on an official bond are
liable for the faithful performance of all duties imposed
upon such officer, whether by laws enacted previous or sub-
sequent to the execution of the bond, which properly be-
longed to and come within the scope of the particular office.
They are not, however, liable for after imposed duties which
cannot be presumed to have entered into the contemplation
of the parties at the time the bond was executed."

Assuming the correctness of the law thus announced, it
seems to us unreasonable to presume that the sureties could
have contemplated the imposing of these absolutely dis-
tinct duties upon the prosecuting attorney, which not only
did not properly belong to and come within the scope of
his office, but which had by the settled policy of the law
for many years been invested in other officers.

The judgment will be reversed, and the cause remanded with instructions to dismiss the action.

ANDERS, SCOTT and STILES, JJ., concur.

HOYT, J. (*dissenting*).— One of the duties of the prosecuting attorney under the law in force at the time the bond in question was executed was to prosecute suits in favor of the county, and as incident to that power to receive payment before suit, and pay over the moneys so received to the county. This being so, I think that the legislation by which it was made his duty to collect taxes due the county by suit, and as incident thereto, to receive them for the county before suit, if offered, was germane to his duties under the law at the time the bond was executed. For this reason such legislation did not confer such new duties as would relieve his bondsmen of responsibility in regard thereto. The judgment should be affirmed.