[No. 3018. Decided July 27, 1898.]

COUNTY OF PIERCE, *on the Relation of R. W. Maloney et al., Appellants,* v. W. D. C. SPIKE, *County Auditor, Respondent,* C. S. GIFFORD *et al., Intervenors and Respondents.*

TAXATION — BOARD OF EQUALIZATION — CITIES OF FIRST CLASS — STATUTES — IN PARI MATERIA — REPEAL BY IMPLICATION.

The act of March 9, 1893 (Laws 1893, p. 167), as amended by Laws 1895, p. 407 (Bal. Code, tit. 11, ch. 2), making provision for the assessment and collection of taxes in cities of the first class, being upon a special subject in regard to taxation, and the general revenue laws passed at the same session, are *in pari materia,* and must be construed together.

Section 9 of the act of March 9, 1893, as amended by the act of March 21, 1895 (Laws 1895, p. 407, Bal. Code, § 1786), providing that, for the equalization of taxes in cities of the first class, a committee of three from the city council shall be selected to act with the county board of equalization, is not impliedly repealed by the general revenue law of 1897, which provides that

the county commissioners shall constitute the board of equalization, since such provision is intended to be of general application and is in the same terms as the like provision in the general revenue law of 1893, and must be construed together with the special laws as *in pari materia*, in the absence of an express repealing clause.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Affirmed.

*A. R. Titlow*, for appellants.
*O. G. Ellis*, and *W. H. Pritchard*, for respondents.

The opinion of the court was delivered by

REAVIS, J.—Application for a writ of prohibition to the superior court of Pierce county against the auditor of Pierce county, as *ex-officio* clerk of the board of equalization, to prohibit him from administering oaths to Gifford, Sampson and Holgate, as a committee selected by the city council of the city of Tacoma, for the purpose of sitting with relators, who are the county commissioners of Pierce county, to form the board of equalization for the equalization of tax assessments and values of property in the city of Tacoma for the year 1898. Upon hearing, the writ was denied in the superior court and relators have appealed.

Upon the argument here the respective parties, conceding the emergency demanding an immediate decision of the merits involved in the controversy, have submitted the cause to this court without any question upon the method of procedure, or the parties to the action; and the court does not now decide any such questions. The single question presented here and decided is, who constitute the board of equalization of assessment of property situated within the territorial limits of a city of the first class for all purposes of taxation, state, county and municipal, for the year 1898?

Appellants maintain that the county commissioners, as *ex-officio* members of the board of equalization, constitute

the complete board for the equalization of assessments for all purposes of state, county and city taxation. Respondents contend that in Pierce county, containing the city of Tacoma, a city of the first class, the board for the equalization of assessment of property within the limits of the city for all purposes of taxation, is composed of the county commissioners, and a committee of three members of the city council, selected by the council. Various constitutional provisions have been mentioned by counsel for appellants, in objection to the constitution of a different board of equalization in the assessment and taxation of property in a city of the first class, and property outside of the territorial limits of the city in the county; but the mandate of the constitution is that the legislature shall provide by law a uniform and equal rate of assessment and taxation upon all property in the state, according to its value in money, and shall prescribe such regulations by general law as shall secure a just valuation for taxation of all property. The board of equalization of taxes within certain districts, and for correction of errors in assessments, is a part of the usual machinery in the assessment and collection of taxes. The constitution of such board and the designation of the persons composing it are matters of legislative discretion. For a long time the boards of county commissioners have been selected in their respective counties, by law, to compose the members of the board of equalization. So far as the mere question of power is considered, it is competent, however, for the legislature to constitute those boards, and select their members and designate the number of members from any qualified persons; and the only inquiry, therefore, is, what statute designates the board of equalization for cities of the first class?

Prior to the legislative session of 1893, the respective cities and towns of the state had their own machinery for

the assessment and collection of taxes for all municipal purposes. In 1893, however, by act of March 9 (Laws 1893, p. 167), the assessment and collection of the taxes for such cities was vested in the county officers, the levy being made by the city council, and provision was also made for compensation to the county by the city for the expense of the assessment and collection of municipal taxes. Under the act of March 9, 1893, the equalization of the assessment of property for taxation in all cities of the first class was made by the county board of equalization. This act related to a particular subject. The same legislature enacted a general revenue law for the state (Laws 1893, p. 347), in which the general provision for the composition of the board of equalization was the same as had theretofore been the law and enacted in 1891. And again, in Laws 1897, p. 162, (Bal. Code, § 1714), relating to the same general subject, the same provision was made for the composition of the county boards of equalization. The titles of these respective general revenue laws were the same. The revenue law of March 15, 1893, repealed all acts and parts of acts providing for the assessment and collection of taxes in the state, existing before its enactment. But it was decided in the case of *State ex rel. Seattle v. Carson*, 6 Wash. 250 (33 Pac. 428), that the general revenue law of March 15, 1893, only affected laws relating to state taxation generally, and had no application to the special provisions of the law of March 9, 1893, relating to the collection of taxes in cities of the first class. But in 1895 various sections of the act of March 9, 1893, were amended. Section 9 of the former act was amended to read as follows:

" Sec. 9. This act shall supersede all conflicting provisions of law or charters of cities of the first class relating to the assessment, equalization and collection of general taxes for municipal purposes: Provided, That in counties

having cities of the first class the city council thereof shall select a committee of three members of such council to act with the board of county commissioners as a board of equalization, and shall have the powers and perform the duties concerning the equalization of assessments in their respective cities that are given to the county boards of equalization by the general revenue laws of the state. The city council may provide for the compensation of the members of the committee for the time they are actually engaged as members of the board of equalization." (Bal. Code, § 1786).

The amendment, in substance, provided a board of equalization for the equalization of values and the correction of errors in assessments within the territorial limits of cities of the first class, and such board was composed of the county commissioners and a committee of three members of the city council. The contention of appellants is that the act of March 9, 1893, as amended by the act of March 21, 1895 (Laws 1895, p. 407), was repealed by the act of March 15, 1897 (Laws 1897, p. 136, Bal. Code, tit. 11, ch. 1). If such repeal were made, it was by implication. Section 58 (Bal. Code, § 1714) of the latter act provides for the composition of the board of equalization for the county. It is the same in this respect as the laws of 1891 and 1893. But, as we have seen in *State ex rel. Seattle v. Carson*, *supra*, it has been determined that the general revenue act of 1893 had no application to the special provision of the laws relating to collection of taxes in cities of the first class, of March 9, 1893, *supra*. They were statutes *in pari materia*. Then the re-enactment in the general revenue law of 1897, in § 58, *supra*, relating to the composition of the county board of equalization, was a continuation of the law of 1893, not a new enactment, and therefore no repugnancy was created that had not theretofore existed between the general act and the particular act. The revenue act of 1897 does not contain any repealing clause.

If the legislature had in mind the particular act relating to cities of the first class, as amended in 1895, and desired to repeal it, it would have been so expressed. But without such expression of an intention to repeal, we do not see the force of the contention that the provision for constituting a board of equalization for cities of the first class was repealed.

The judgment of the superior court is therefore affirmed.

DUNBAR and ANDERS, JJ., concur.