[No. 7176. Decided February 13, 1908.]

THE STATE OF WASHINGTON, *on the Relation of Adolph Funke, Appellant*, v. BOARD OF COMMISSIONERS OF PIERCE COUNTY *et al., Respondents*.[1]

STATUTES—TITLE—SUFFICIENCY. The title of an act "changing the title of county surveyor to county engineer, relating to the election, powers, and duties of such office," is sufficiently broad to include the subject of his salary.

STATUTES—CONSTRUCTION. Laws of 1907, p. 351, relating to county engineers and their salaries, containing no express statement that the salary provision was intended to have immediate effect upon engineers theretofore elected and qualified, should not be held to have so intended, if it would thereby be unconstitutional.

OFFICERS—SALARIES—INCREASE — CONSTITUTIONAL LAW — COUNTY ENGINEERS. Laws of 1907, changing the title of the county surveyor to county engineer, and changing his compensation from $5 per day for the time employed to a fixed salary per year, violates Const. art. 2, § 25, providing that the "compensation" of "any public officer" shall not be increased or diminished during his term of office, Const. art. 11, § 8, prohibiting such increase, etc., of the "salary" of "county officers" under like circumstances; as the two provisions must be construed together.

SAME—INCREASE OF DUTIES. A county engineer is not entitled to a legislative increase of his salary during his term of office be-

[1]Reported in 93 Pac. 920.

cause of increase of his duties, where the new duties are incidental to the functions of his office, such as making the office one of record, and requiring it to be kept open at all times as other county offices of record are kept open.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered August 23, 1907, denying to a county officer a writ of mandamus to compel a payment of salary, after a trial on the merits before the court.    Affirmed.

*A. R. Warren* and *A. H. Denman,* for appellant.
*H. G. Rowland* and *Robert M. Davis,* for respondents.

HADLEY, C. J.—This is an action in mandamus to compel the payment of the salary of the county engineer of Pierce county in accordance with the statute as found in the Session Laws of 1907, at page 351.    The officer was elected and qualified and was, at the time said statute became a law, discharging the duties of his office for the term for which he was elected.    Prior to the law of 1907 the same office was designated as that of the "county surveyor," but in the new statute the designation was changed to that of "county engineer."    The compensation provided by law for the county surveyor, prior to the law of 1907, was $5 per day for the time actually and necessarily spent in the discharge of his duties.    Bal. Code, §§ 1563-1594 (P. C. §§ 4006-4036).    Under the terms of §5 of the act of 1907, the salary of the county engineer in counties having a population of more than ten thousand is fixed at the same amount as that of the county auditor in such counties.    It is conceded that, under that statute, the county engineer of Pierce county would be entitled to $2,400 per annum, which is substantially more than he would be entitled to receive under the law in force at the time of his election and qualification.    The trial court denied the writ of mandamus, and the officer has appealed.

The respondents urge that § 5 of the aforesaid act of 1907 is void by reason of the insufficiency of the title of the act.

The section deals with the subject of the compensation or salary of the county engineer. The title of the act is as follows: "An act changing the title of county surveyor to county engineer, relating to the election, powers, and duties of such officer and repealing sections 490 and 491 of Ballinger's Annotated Codes and Statutes of Washington." While it is true the subject of salary or compensation is not specifically mentioned in the title, yet we think the comprehensive nature of the title is sufficient to include that subject. One reading the title as relating to the "election, powers, and duties" of the county engineer, would reasonably and very logically expect the subject of his compensation to be treated in an act so entitled. That subject is germane to the general scope of the title. Respondents cite, upon this point, *Anderson v. Whatcom County*, 15 Wash. 47, 45 Pac. 665, 33 L. R. A. 137. The title of the act there in question was, "An act to provide for the economical management of county affairs." The act provided that the salary allowed to a justice of the peace should not exceed the amount of legal fees collected by such officer. It was held that such provision did not have the effect to repeal a prior act fixing salaries of justices of the peace in incorporated cities having more than five thousand inhabitants, for the reason that the subject was not embraced in the title. It is sufficient to say that the subject there was so far remote from that suggested by the title that the ordinary reader would not have suspected a repeal of the statute above mentioned. The same comment in effect also applies to the recent decision of *State v. Merchant, ante* p. 69, 92 Pac. 890, also cited by respondents. We think the cases cited are not authorities against the sufficiency of the title now before us, and we decline to sustain respondents' contention that § 5 of the act in question is void.

The chief questions presented by the appeal are (1) did the legislature intend the act of 1907 to apply to salaries of county engineers who had theretofore been elected and quali-

fied; (2) if such was intended, is the act void with respect to its salary provisions so far as officers so elected and qualified are concerned? The act in most particulars was undoubtedly intended to have immediate application upon its becoming a law. But it contains no express statement that the salary provision was intended to have immediate force, and in the absence of such, it should not be held that it was so intended if to do so would array the legislative intent against any constitutional provision. Would the immediate enforcement of the salary provision conflict with constitutional restrictions? Section 8, art. 11 of the state constitution, is as follows:

"The legislature shall fix the compensation by salaries of all county officers, and of constables in cities having a population of five thousand and upwards, except that public administrators, surveyors, and coroners may or may not be salaried officers. The salary of any county, city, town, or municipal officer shall not be increased or diminished after his election or during his term of office, nor shall the term of any such officer be extended beyond the period for which he is elected or appointed."

It is manifest from the section quoted that the salary of a county officer cannot be increased during the term of office for which he is elected. It is also manifest from the exception made in the section that the county surveyor may, or may not, be a salaried officer. It is for the legislature to say whether surveyors, public administrators, and coroners shall be compensated by salary or otherwise. It is well known that such officers are frequently compensated by fees collected by themselves for specific acts or services. Our legislature had, however, provided before the law of 1907 that the compensation of the county surveyor should be $5 per day for the time actually and necessarily spent in the discharge of his duties, and payable from the public moneys. If that method of compensation is by salary, then it is plain from the foregoing section that it cannot be increased during the term for which the appellant was elected. Appellant contends that it is not.

a salary for the reason that it is payable only when services are rendered, while a salary, it is contended, is a fixed compensation payable without regard to the amount of service rendered.    Our legislature has, in fact, designated the surveyor's compensation as a salary.    Bal. Code, § 1564 (P. C. § 4006).    After naming the different officers of the county, of whom the surveyor is one, the section says, "The officers in the different counties in the state shall each receive the salary hereinafter set forth,  .  .  . "  The sections following then state the salaries of the officers in the several classes of counties in each of which the amount for the county surveyor is $5 per day; and § 1594 limits the amount to officers paid a per diem to the time actually and necessarily spent in the discharge of their duties.    We deem it unnecessary to pursue a discussion as to whether the legislature properly designated such a compensation as a salary or not.    It would be interesting to note the views of different courts as to what is technically a salary; but authorities upon that subject are not harmonious, and they are not material to the determination of this case, as will hereafter appear.

Another section of the constitution must be considered in this connection.    Section 25, art. 2, provides, among other things, as follows:  "Nor shall the compensation of any public officer be increased or diminished during his term of office." The above provision is so comprehensive that interpretation seems wholly unnecessary.    The proposition is so simple that the statement of it carries its own argument.    This provision relates strictly to what the legislative department shall not do, and it is manifest that the two constitutional provisions must be read and construed together.    If the term "salary," as used in the one, has a more restricted meaning than "compensation," as used in the other, then the more comprehensive term which applies to "any public officer" must control here when we are considering what the legislature may or may not do.    The term "compensation," as used seems to be

30—48 WASH.

broad enough to include any kind of remuneration from the public treasury for a public officer, whether by way of what is called "salary" or otherwise.

Appellant, however, contends that this court has already held that the constitutional prohibitions do not apply to county officers who are not paid fixed sums as annual salaries, and he cites *State ex rel. Thurston County v. Grimes*, 7 Wash. 445, 35 Pac. 361. In that case the court was considering certain justices' and constables' fees. A fee bill materially reducing the fees was passed subsequent to the election, and the constitutional provision was invoked. It was held that the provision applies only to such officers as receive a fixed salary out of the public treasury, and that it does not apply to officers who receive specific fees for specific services. But one authority was cited, *Board of Supervisors v. Hackett*, 21 Wis. 620, and the reasoning of that case was adopted and followed by this court. From an examination of the Wisconsin opinion it is, we think, manifest that the court found the distinction to be between that large class of officers who are paid by fees for specific services which they usually collect themselves, and those officers who are paid from the public treasury sums specified by law. It is true the court used the term "fixed salary," but it was evidently the intention to draw a distinction merely between officers paid by fees and those paid from the public treasury. Such, in any event, was all that was involved and decided in *State ex rel. Thurston County v. Grimes, supra*. The county surveyor is not an officer paid by fees for specific services without regard to time. Under such a system he might possibly realize $20 for services rendered on a given day, and on other days it might be more or less than that sum. As it is, his compensation is a fixed sum with reference to a specified time, is not variable during the time that official duties require his services, and it is paid from the public treasury as that of other officers. To hold that such an officer and such compensation do not come within the con-

stitutional prohibition would, we believe, do violence to the clear intent of the constitution makers.

Appellant further argues that he is entitled to the salary fixed by the new statute because by that law the duties of his office have been much increased and beyond what he contends really comes within the reasonable scope of the office of county surveyor. We think the new duties are all reasonably within the scope of an office of that character. It is true the office is made one of record and, in counties of ten thousand or more population, the officer must keep his office open at all times, as other county offices of record are kept open. The legislature has, however, declared that these new duties belong to the office itself, and they are in every way properly incidental to the functions of such an office.

Appellant cites the case of *State ex rel. Seattle v. Carson*, 6 Wash. 250, 33 Pac. 428, as authority for holding that for increased duties an additional salary may be provided, to be paid even to an incumbent of an office theretofore elected and qualified. The statute under consideration in that case made the individual who should occupy the office of county treasurer the collector of city taxes, and a salary of $500 was provided for that service. It was held that the duties for which the salary was provided did not belong to the county treasurer as such, but that they were imposed upon him in the way of collecting city taxes, and were entirely outside of his duties as county treasurer for which his previous salary was fixed. For the above reason only was it decided in that case that the constitutional prohibition did not apply. Again, in *Spokane County v. Allen*, 9 Wash. 229, 37 Pac. 428, 43 Am. St. 830, the court emphasized the above view and refused to apply the rule of the former case to county attorneys whose duties had been much increased, but by new duties within the scope of the office of county attorney itself. In the recent decisions of *State ex rel. Davis v. Clausen*, 47 Wash. 372, 91 Pac. 1089, and *State ex rel. Ross v. Clausen*,

47 Wash. 607, 92 Pac. 453, statutes materially increasing the duties of the offices were involved, but it was held that the constitutional prohibition was not removed as against office incumbents during the term for which they were theretofore elected. The increase of compensation by those statutes and also by the one now before us was, no doubt, in each instance a meritorious thing for the legislature to do, having reference to future office incumbents. But the constitutional provision as to present incumbents must not be so construed in the interest of seeming expediency or even apparent necessity as shall practically amount to an evasion of the organic law. That the constitutional provision exists is not only true, but it is also true that it is so clear and is founded upon such practical wisdom as calls for no elastic effort to construe it. In *State ex rel. Davis v. Clausen, supra,* we said:

"This wise provision was no doubt intended to prevent pernicious activity on the part of the office holders of the state being brought to bear upon the members of the legislature— a wise provision which must not be construed out of existence or evaded by legislative enactment."

For the foregoing reasons we hold that appellant is not entitled to receive compensation in accordance with the new law; and furthermore that it was the intention of the legislature to provide the new compensation subject to the constitutional restriction, and for officers thereafter elected only. The superior court did not err in denying the writ, and the judgment is affirmed.

RUDKIN, CROW, MOUNT, DUNBAR, and FULLERTON, JJ., concur.