[No. 28644. Department One. February 13, 1942.]

THE STATE OF WASHINGTON, *on the Relation of H. H. Henneford, Plaintiff,* v. CLIFF YELLE, *as State Auditor, Respondent.*[1]

[1]Reported in 121 P. (2d) 948.

W. J. *Lindberg,* for relator.

The Attorney General, Harold P. Troy, and Roy A. Huse, Assistants, for respondent.

MILLARD, J.—Relator, by an original proceeding instituted in this court January 10, 1942, has made application for a writ of mandamus to be directed to the state auditor, requiring the latter to draw and deliver to him a warrant or warrants in the amount of $1,333.32, alleged by the relator to be the amount of the difference between what he received and the amount prescribed by the statute as his salary as state tax commissioner for the period from November, 1938, to June, 1941. The three-year statute of limitations, it is conceded, bars recovery for any period prior to November, 1938.

Relator alleges that, from April 16, 1934, to and including June 30, 1941, he was the duly appointed, qualified, and acting member of the tax commission of the state of Washington, holding office pursuant to the provisions of Rem. Rev. Stat., § 11087 [P. C. § 6874-1], *et seq.* Rem. Rev. Stat., § 11088 [P. C. § 6874-2], provides that each member of the state tax

commission shall hold office for a term of six years and receive an annual salary of six thousand dollars. Relator was first appointed April 13, 1934, effective April 16, 1934, for the remaining portion of the term expiring January 31, 1937. On February 15, 1937, relator was appointed by the governor as a member of the state tax commission for the term expiring January 31, 1943. Relator resigned June 30, 1941.

For the period from November 1, 1938, to June 30, 1941 (the only period in which relator claims his action for recovery is not barred by the three-year statute of limitations), relator received a salary of five thousand five hundred dollars annually, payable in twelve equal monthly installments, instead of the salary of six thousand dollars per annum fixed by statute.

Respondent admits the facts, but affirmatively alleges that the salary received by relator was fixed by the governor pursuant to Laws of 1933, chapter 47, p. 276, § 1 (Rem. Rev. Stat. (Sup.), § 10976-1 [P. C. § 6567-1]), which provides as follows:

"Wherever the salary or compensation of any state officer appointed by the governor, or of any employee in any office or department under the control of any such officer, is fixed by statute, such salary may hereafter, from time to time, be changed by the governor, and he shall have power to fix such salary or compensation at any amount not to exceed the amount fixed by statute."

Relator contends that the position of state tax commissioner is a public office in contemplation of Art. II, § 25, state constitution, which provides that the compensation of a public officer shall not be increased or diminished "during his term of office."

A term of office, when the period of the term is fixed by constitution or statute, means the period designated by the constitution or statute. When relator

was appointed to fill a vacancy in the term expiring January 31, 1937, he merely filled out the term of his predecessor. *His term of office* began February 1, 1937, which term will expire January 31, 1943. That is, relator, by reappointment in 1937, entered on a new term of office. The constitutional provision (Art. II, § 25, state constitution), forbidding a change in the compensation of any public officer "during his term of office," refers to the term and not to the individual. See *Bosworth v. Ellison,* 148 Ky. 708, 147 S. W. 400, and *Foreman v. People,* 209 Ill. 567, 71 N. E. 35.

In view of the constitutional provision (Art. II, § 25, state constitution), the legislature was without power, as was the governor, to change the compensation fixed by statute of the relator during the time relator was filling out the term of his predecessor, which expired January 31, 1937. Neither did the legislature nor the governor, nor any administrative board, possess the power to increase or diminish the salary of relator *during his term of office* which will expire January 31, 1943.

Unless forbidden or restricted by constitution or statute, the compensation of any officer or employee of the state could be increased or diminished during his term of office or period of employment. It cannot be gainsaid that the legislature may fix the salary of a state officer in the first instance and has the right to change the salary or compensation from time to time when its application is made to officials whose terms of office commence subsequent to the effective date of the statute. That the legislature may expressly delegate to the governor or to an administrative board authority to fix the compensation of officers and employees of the state, needs no citation of sustaining authority. It is equally clear that the legislature may delegate to the governor or an administrative board

or officer the authority to fix the compensation of certain officers within statutory limitations prescribed by the legislature; but the governor and administrative boards may not increase or diminish the salary of a state officer during his term of office.

*State ex rel. Bergin v. Yelle*, 111 Wn. (2d) 151, 118 P. (2d) 807, upon which relator relies is not apposite. All that we held in that case was that the legislature was without power, and that it could not delegate power to the governor, to increase or diminish the salary of a state officer during his term of office. In *State ex rel. Bergin v. Yelle, supra,* an attempt was made to diminish relator's compensation, which was fixed by statute, during relator's term of office. Clearly it was not within the power of an administrative board, of the governor, or even of the legislature, to increase or decrease relator's salary during his term of office in view of Art. II, § 25, of the state constitution.

In the case at bar, relator claims to be entitled to $1,333.32, which is the difference between the salary received from November 1, 1938, and June 30, 1941, and the salary of six thousand dollars per annum fixed by statute. This is a period within relator's term of office commencing February 1, 1937, and expiring January 31, 1943. Prior to the commencement of this term of office, the governor, pursuant to statutory authority (Rem. Rev. Stat. (Sup.), § 10976-1), decreased the salary of each state tax commissioner from six thousand dollars per annum fixed by statute (Rem. Rev. Stat., § 11088 [P. C. § 6874-2]) to five thousand five hundred dollars per annum. The compensation of relator was not increased or diminished during his term of office.

The application for the writ is denied.

ROBINSON, C. J., MAIN, STEINERT, and DRIVER, JJ., concur.