Honorable Mary Margaret Haugen State Senator, 10th District Chair, Municipal Research Council 1200 5th Avenue, Suite 1300 Seattle, Washington 98101-1159
Dear Senator Haugen:
By letter previously acknowledged, you asked for our opinion on the following question:
Question: The state constitution prohibits midterm increases incompensation for elected municipal officers who set their owncompensation. If a person is elected to fill an unexpired term as a citycouncil member, and the compensation for the position had been increasedearlier in that term, is the newly elected council member eligible toreceive the increase during the remainder of the term?
 BRIEF ANSWER
We answer this question in the negative. The state constitution prohibits a change in a councilmember's compensation during the term in which the council amends the ordinance setting compensation. The prohibition applies even to a person appointed or elected to complete an unexpired term. The new compensation would apply effective with the beginning of the next full term for the position in question.
 ANALYSIS
Your question concerns the effect of two interrelated provisions of the state constitution. Article XI, section 8 provides in part:
The salary of any county, city, town, or municipal officers shall not be increased except as provided in section 1 of Article XXX or diminished after his election, or during his term of office. . . .
This provision, as reflected in its current text, was amended when article XXX of the constitution was adopted as amendment 54 in 1968. This latter provision provides in relevant part:
The compensation of all elective and appointive state, county, and municipal officers who do not fix their own compensation, . . . may be increased during their terms of office to the end that such officers and judges shall each severally receive compensation for their services in accordance with the law in effect at the time the services are being rendered. . . .
Constitution, art. XXX, § 1 (Emphasis added).
The effect of amendment 54, then, was to eliminate the prohibition against midterm changes in compensation for all officers except those who fix their own compensation. City councilmembers in this state have the power to fix their own compensation, however.[1] As a result, they are still prohibited from receiving mid-term increases (or decreases) in their compensation.
Your question concerns what happens if a city council position falls vacant for some reason and someone is appointed and subsequently elected to fill the vacancy. As you point out in your letter, the early case of State ex rel. Wyrick v. Ritzville, 16 Wn.2d 36, 132 P.2d 737 (1942) stands for the proposition that the constitutional prohibition prevents a person appointed to an unexpired term from receiving any increases in compensation enacted since the beginning of that term. Your question is whether the subsequent election of the person to fill the rest of the term changes the Wyrick result.[2]
Although we have not had occasion to address this precise issue in a formal opinion, we have addressed this very issue in informal opinions, and we have addressed, in a formal opinion, the same principle with respect to a different office. On each occasion, we have found that the constitution prohibits any increase in salary during the term being served by an officer, even if the current incumbent is finishing (by election or appointment) a term to which another person had originally been elected. In AGO 1978 No. 3 (copy enclosed), we reached this conclusion as to the office of state senator, finding that any person appointed or elected to a state senate position who is serving an unexpired term is entitled to the compensation applicable to the position at the beginning of that term, notwithstanding the intervening special election. In the 1978 opinion, we referred to the Wyrick case, as well as to State ex rel. Hovey v. Clausen, 117 Wn. 475, 201 P. 770 (1921), applying the same rule to judgeships; and to State ex rel. Henneford v. Yelle, 12 Wn.2d 434, 121 P.2d 948 (1942), applying the same rule to the members of the state tax commission, who were at that time appointed for fixed terms in office. In AGO 1978 No. 3, we found that the intervening adoption of amendment 54 (article XXX of the constitution) did not change the principle as to those offices to which the constitutional prohibition still applies. AGLO 1978 No. 3, discussion at 9-10. In addition to the cases cited above, the opinion mentions three earlier informal opinions reaching similar conclusions: AGLO 1973 No. 50, AGLO 1973 No. 53, and AGLO 1977 No. 23 (discussing the principle as applied to members of the legislature).
Although neither AGO 1978 No. 3 nor the informal opinions just cited discuss the position of city councilmember, we have in fact applied the same principle to city office in an informal opinion. In a letter opinion of 1967 (Letter to State Senator Nat Washington dated November 24, 1967, from Philip H. Austin, Assistant Attorney General) (copy enclosed), the writer specifically concluded that the constitution barred a councilmember elected to an unexpired term from any increase enacted during that term. In earlier years, we had applied the same rule to the position of county commissioner (Letter to Lowell B. Vail, Prosecuting Attorney for Grant County, dated August 3, 1940, by W.A. Toner, Assistant Attorney General). In a formal opinion, AGO 55-57 No. 332, we found that a public utility district commissioner serving an unexpired term was limited to the same salary as his predecessor.
Given this consistency of past advice, we see no reason to change interpretation now, and we reiterate the view that the constitutional limitation on salary changes attaches to the term served and not to the person serving a particular term in office. An earlier case, citing a parallel provision (article II, section 25), found that the purpose of these provisions is to provide candidates for office and the general public with stability and predictability as to the compensation of a public officer. See City of Everett v. Johnson, 37 Wn.2d 505, 507,224 P.2d 617 (1950). The public knows, under this system, that the compensation for a particular position will not change during the length of the term of office to be voted on, even if the person originally elected does not serve a full term.[3]
We trust the foregoing will prove useful.
Very Truly Yours,
CHRISTINE O. GREGOIRE Attorney General
JAMES K. PHARRIS Senior Assistant Attorney General
JKP:pmd
[1] The legal authority to fix compensation for city officers depends on the type and classification of city, but in each case, the salary and compensation of the mayor and councilmembers is established by local ordinance. See RCW 35.17.108 (cities with commission form of government); RCW 35.22.205 (first class cities); RCW 35.23.091 (second class cities); RCW 35.27.130 (towns); RCW 35A.11.020 (noncharter and charter code cities); RCW 35A.12.070 (noncharter code cities operating with mayor-council plan of government); and RCW 35A.13.040 (noncharter code cities operating with council-manager plan of government). None of these laws explicitly covers unclassified cities operating under territorial charter (of which only one remains as of this date), but RCW35.30.010 appears to grant such cities residual power to adopt ordinances not inconsistent with the general law or with their charters.
[2] Although your question is about a person who is appointed and subsequently elected, the principle would be the same as to a person who is elected to an unexpired term without having first been appointed to fill the vacancy.
[3] Before closing, we should note that, as to certain categories of cities, the bar on midterm increases in compensation is also statutory. See RCW 35.23.091 (second class cities); RCW 35A.12.070; and RCW 35A.13.040
(noncharter code cities using either statutory plan of government).