### FRAZIER & DELLINER v. GIBSON.

1. The word "*judgment*," in the 4th sec. of the act concerning "Bonds and Notes," (R. C. 1835, p. 105,) was inserted by mistake, the word "*assignment*" being intended. The maker of a note or bond cannot set off claims against the assignor, accruing after the commencement of suit by the assignee.
2. A note transferred by delivery, for a valuable consideration, may be the subject of set-off. The transfer or assignment need not be in writing.

Appeal from the Circuit Court of Franklin county.

### *Frissel for Appellants.*

On the part of the appellants in this cause it is insisted, that the facts of the case bring them within the 3d section of the statute respecting bonds and notes, (Rev. Statutes of 1835, page 104,) which provides "That the nature of the defence of the obligor or maker of a note shall not be changed by the assignment, but he may make the same defence against the bond or note in the hands of the assignee that he might have made against the maker.

### *Polk for Appellee.*

1st. That there was no exception taken by appellants at

SEPT'R TERM,
1841.

Frazier and
Delliner
v.
Gibson.
the trial below to the rejection of the court, sitting as a jury, of any evidence offered by them.

2d. The set-off claimed by the appellants could not have been available on a trial before the justice of the peace, on the evidence preserved in the bill of exceptions, and as the same causes of action, and no other, that were tried before the justice shall be tried in the circuit court on an appeal, neither could it have been available in the circuit court.— Statutes of 1835, page 354, sec. 9, and page 371, section 16.

3d. The court below did right in refusing appellant's motion for a new trial. See bill of exceptions.

*Opinion of the Court by Scott, Judge.*

John Gibson sued Frazier and Delliner in a justice's court on a note executed by them to Elias Gibson, and assigned to John Gibson. A note executed by Elias Gibson to one Jameson, and by him transferred by delivery for a valuable consideration, to Frazier and Delliner, before the assignment of their note by Elias Gibson to John Gibson, was offered in evidence, and rejected by the court below.

The question is, whether the note was properly rejected? The statute concerning bonds and notes, sec. 4, says, the obligor or maker shall be allowed every just set-off and discount against the assignee or assignor before *judgment*. The word *judgment* has found its way in this place by mistake, and the word "*assignment*" was intended; for we cannot suppose that the law designed to give the maker of a note or bond a right to buy up claims against the assignor or assignee after the commencement of his action, and thereby subject him to the payment of costs, when at the time of the institution of his suit there was no defence against his claim. In Kentucky and Virginia where the statutes on the subject of the assignment of bonds and promissory notes similar to our own exist, it has always been held that a set-off arising from other transactions against the assignor, before notice of the assignment, may be given in evidence on an action by the assignee against the maker. I Mar. 510; 1 Monroe,

*The word "judgment" in the 4th sec. of the act concerning "Bonds and Notes," (R.C. 1835, p. 105,) was inserted by mistake; the word "assignment" being intended. The maker of a note or bond cannot set off claims against the assignor, accruing after the commencement of suit by the assignee.*

195; 2 Mar. 202; 6 Cranch; 7 Peters, 608. As to the objection that the note was not assigned in writing, and that at law the defendants could not use it as a set-off, it may be observed, that before the statute allowing assignees of choses in action to maintain suits in their own name, courts of law took notice of the person who was really interested, and the beneficial interest vested in the assignee is so far regarded that the defendant is allowed to set off a debt due from the assignee in the same manner as if the action had been brought in his name; and it would not seem necessary that the interest of the cestui que trust should appear in the writ and declaration, it will suffice in any part of the pleadings. As this action was commenced before a justice, in whose court there are no pleadings, it will be sufficient that the interest of the defendants in the note appears by the evidence. Crozer v. Craig, Washington, 66, 428; 3 Marsh. 351, Jenkins v. Bush. Let the judgment be reversed.

*Sept'r term, 1841.*

*Frazier and Delliner v. Gibson.*

A note transferred by delivery, for a valuable consideration, may be the subject of set off. The transfer or assignment need not be in writing.

