STATE EX REL. DONYES, PLAINTIFF, *v.* BOARD OF COM-
MISSIONERS OF GRANITE COUNTY, DEFENDANT.

[No. 1,452.]

[Submitted July 13, 1899.   Decided October 9, 1899.]

*Constitutional  Law — Statutes — Compensation  of  Public
Officers — County  Surveyors.*

1. The constitutional provision (Sec. 31, Art. V) prohibiting any law increasing or
   diminishing the salary or emoluments of a public officer after his election or appoint-
   ment, does not forbid the legislative assembly imposing upon a public officer addi-
   tional duties, and (in the absence of a salary designed to cover such services), at the
   same time allowing him compensation for the performance of such new duties.
2. Appellant was, in November, 1898, elected county surveyor for the term of two years.
   The legislative assembly, by an act approved March 4, 1897, abolished the office of
   road supervisor, and imposed the duties of that office upon the county surveyor, and
   at the same time allowed him compensation for the discharge of such additional
   duties.  On March 3, 1899, the legislative assembly, by an act, repealed the act of
   March 4, 1897, and re-established the office of road supervisor and stripped appellant
   of the duties imposed, and deprived him of the compensation allowed therefor, by
   the act of March 4, 1897.  *Held*, that the act of March 3, 1899, does not, as applied to
   appellant, violate Section 31, Article V, of the Constitution.

### ON MOTION FOR REHEARING.

1. The legislative assembly is not prohibited by Section 31, Article V, of the Constitu-
   tion, from adding duties and providing compensation for them affecting a county
   surveyor then in office, and thereafter taking away such duties and attendant emolu-
   ments from a subsequent surveyor elected before such last act of the legislature was
   passed.
2. Where an officer is paid by fees or a per diem compensation measured by the ser-
   vices performed and the time employed, his emoluments are not, within the meaning
   of Section 31 of Article V of the Constitution, diminished by a statute, taking effect
   after his election, which relieves him of the obligation to perform the duties resting
   upon him, and destroys the compensation which had theretofore been prescribed for
   their discharge.

APPLICATION by the state, on the relation of Charles F.
Donyes, for a writ of mandamus against the board of commis-
sioners of Granite county, to permit plaintiff to perform. his
official duties as general superintendent of the public roads of
Granite county.    Dismissed.

*Messrs. Durfee & Brown, Mr. Geo. A. Maywood, and Mr.
C. B. Nolan,* for Relator.

*Mr. Josiah Shull and Mr. W. E. Moore,* for Defendant.

**MR. JUSTICE PIGOTT** delivered the opinion of the court.

The object of this proceeding is to compel, by writ of mandate, the defendant to permit the plaintiff to perform his supposed official duties as general superintendent of the public roads of Granite county. To an alternative writ the defendant has answered by presenting an issue of law. The facts are these: The defendant is the board of commissioners of Granite county,—a county of the eighth class. The plaintiff is the county surveyor elected in November, 1898, for the term of two years, beginning with the first Monday in January, 1899. By virtue of an act of the Fifth legislative assembly entitled "An act to define the powers and duties of county surveyors and to provide for their compensation, and to abolish the office of road supervisor," approved March 4, 1897, he was general superintendent of all roads in the county from the time he entered upon the discharge of the duties of surveyor until March 10, 1899; on that day, conformably to the provisions of an act of the Sixth legislative assembly, approved March 3, 1899, entitled "An act to provide for the election of road supervisors, to define and regulate their powers and duties, to fix their compensation, and to repeal an act entitled 'An act to define the powers and duties of county surveyors and to provide for their compensation, and to abolish the office of road supervisor,' approved March 4, 1897," the defendant divided the county into road districts, and appointed road supervisors, and on April 1st road supervisors were elected in the manner provided for in the act. Since the 10th day of March, 1899, the defendant has excluded the plaintiff from the management, control, and supervision of the highways of the county, and refuses to permit him to perform any of the duties of general superintendent of roads which were imposed upon him by the act of 1897.

Is the plaintiff the general superintendent of the roads in Granite county? If this question be answered in the negative, the proceeding must be dismissed. The answer to the

question will be made when it shall have been determined whether or not that part of the act of 1897 which declares the county surveyor to be the general superintendent of all the roads within his county was repealed by the act of 1899, so as to affect a county surveyor in office at the time of the formal repeal.

The act of 1897 abolished, in terms, the office of road supervisor, and imposed the duties of that office upon the county surveyor, who was made the general superintendent of all roads within his county.    His compensation was fixed at the rate of $5 a day; the total compensation being graduated according to the classification of counties, and not to exceed $750 in a county of the eighth class.    The act of 1899 repealed the act of 1897, and re-established the office of road supervisor.    Plaintiff's contention is that so much of the act of 1899 as purports to repeal those provisions of the act of 1897 declaring the surveyor to be the general superintendent of roads, and allowing him compensation for his services as such, is, as to the plaintiff, void, because repugnant to section 31 of Article V. of the Constitution of Montana, ordaining that no law shall increase or diminish the salary or emolument of any public officer after his election or appointment.

We are of the opinion that the theory of the plaintiff is erroneous.    By section 5 of Article XVI. of the Constitution, and by section 4312 of the Political Code, the county surveyor is declared to be a public officer, and the limitation upon the powers of the legislative assembly to increase or diminish salaries or emoluments is therefore applicable to statutes affecting his compensation in either of the ways denounced by the organic law; but the question presented is whether the act of 1899 does, within the meaning of the constitutional prohibition, diminish the emoluments of the surveyor.    That the legislative assembly might require of the surveyor the performance of additional duties of the same general nature as were those imposed upon him by the statutes in effect at the time of his election, and (in the absence of a salary designed to cover all services that the officer as such might perform)

allow compensation for the discharge of the additional duties, must be admitted; that the right is also inherent in the assembly to enjoin new and different duties of the character described in the act of 1897, and (there being no such salary prescribed) at the same time allow compensation for the performance of them, and that it can do this without violating the constitutional limitation mentioned, must also be admitted. The imposition of the new services and allowance of fees for discharging them, is in no wise obnoxious to the prohibition of the Constitution against the increase or diminution of emolument after election or appointment; in illustration: Prior to the act of 1897, the principal, if not the only, duties of the county surveyor, were to make surveys for courts, counties, and persons, and to perform the labor incident thereto; to furnish plans and specifications for road and bridge work; and to act as chairman of all boards of road viewers. For these services he was paid at the rates specified in sections 2759 and 4639 of the Political Code. New, different, and arduous duties were imposed upon him by the act of 1897; the office of road supervisor was abolished, and the powers and duties theretofore vested in and confided for discharge to him were transferred to the surveyor; some of the labor which until that time had been done by the board of commissioners was likewise cast upon him. By the act of 1897 there was attached to his office a new function,—that of general superintendent of roads, the duties whereof were added to those which rested upon him when he was elected. For these additional services the act of 1897 provided compensation. If it attempted to increase or diminish the rate of compensation for the performance of services which were required of him by the statutes in force when the act was passed, it was to that extent inoperative with respect to a surveyor then in office, because in conflict with the prohibitory provision of the Constitution. In so far, however, as it allowed pay for the discharge of the new duties imposed, the act of 1897 was not obnoxious to the constitutional limitation mentioned. It is a well-settled principle of law that a provis-

ion such as is contained in the Constitution of this state, prohibiting any law increasing or diminishing the salary or emolument of a public officer after his election or appointment, does not forbid the allowance of compensation for new and different services exacted from him during his term, where the statute imposing the duties also prescribes the compensation for their performance. The constitutional limitation in question was intended to apply only to the salary and emolument to which the officer was entitled for services required of him by the law in force at the time of his election or appointment, unless the salary then provided was intended as compensation for all services which the officer, as such, might render. (*Shiffert* v. *Montgomery Co.*, 12 Montg. Co. Law Rep'r. 100, S. C. 5 Pa. Dist. R. 570. See also, *State* v. *Carson*, 6 Wash. 250, 33 Pac. 428; *San Luis Obispo Co.* v. *Felts*, 104 Cal. 60, 37 Pac. 780.) The office of road supervisor is one of legislative, not constitutional, creation; it may be established and abolished at the pleasure of the legislative assembly. In abolishing the office of supervisor and transferring its duties to the county surveyor, the legislative assembly was acting within the scope of its power; and when, in 1899, it stripped the county surveyor then in office of the duties imposed, and deprived him of the compensation allowed therefor, by the act of 1897, it was still within the bounds of its authority, and did not diminish the salary or emolument of the plaintiff as general superintendent of roads. He has been relieved of the burden of rendering certain services exacted by a former statute which fixed a rate of compensation; the gross receipts of his office may be diminished by the act of 1899, but the emoluments of the plaintiff as an officer have not been, and will not be, diminished, within the meaning of the Constitution. "The rule is the same first and last; i. e. a certain sum for a certain service—compensation in proportion to duty—the very rule which it was the design of the Constitution to establish." (*San Luis Obispo Co.* v. *Felts, supra.*) The act of March 3, 1899, is not subject to the specific objection urged against its validity. The plaintiff ceased

to be the general superintendent of the roads in Granite county on the 10th day of March, 1899.

The defendant attacks the act of March 4, 1897, upon the grounds that the title of the act, as well as the act itself, contains two subjects, that the title does not clearly express the subjects, and that Section 16 seeks to extend and apply the provisions of a statute which the act itself attempts to repeal, and to extend, make applicable, revise, and amend a portion of the Political Code without publishing it at length. The views already expressed suffice to dispose of this proceeding upon the merits, and we therefore decline to consider other questions.

Let a judgment be entered against the plaintiff and in favor of the defendant, dismissing the application, with costs.

*Dismissed.*

MR. JUSTICE HUNT, being absent, took no part in this decision.

### ON MOTION FOR REHEARING.

[Submitted October 12, 1899.    Decided October 16, 1899.]

**MR. JUSTICE PIGOTT** delivered the opinion of the Court.

Upon this motion for a rehearing the learned attorney general insists that the opinion heretofore delivered fails to note or consider a question which, although not discussed at the bar, is now asserted to be of vital importance. The point now earnestly pressed is that, when the plaintiff was elected, the ordinary duties of his office consisted of those imposed by the act of 1897 and by the Political Code; that at the time of his election and induction into office he was required to perform the duties enjoined, and was entitled to compensation prescribed by the act of 1897; that, although the act of 1897 imposed upon the surveyor then in office new and additional duties, and allowed compensation for their performance, yet the act did not have such effect upon the plaintiff, he having

been elected while the act of 1897, was operative; and that, therefore, the act of 1899, in so far as it purports to repeal those portions of the act of 1897 imposing duties and allowing compensation for them, is, as to the plaintiff, in conflict with the constitutional prohibition against any law increasing or diminishing the salary or emoluments of a public officer after his election.    It is contended that in the former opinion the Court erroneously applied to the plaintiff the rule applicable to a surveyor whose compensated duties might, after his election, have been augmented by the act of 1897, and then diminished during the same term of office by an act similar to the one of 1899.    It is conceded that the act of 1897, in so far as it attached to the office duties not, at the time of its passage, pertaining to the office, and allowed compensation for their performance, was not repugnant to Section 31 of Article V of the Constitution; the concession is also made that, if the act of 1899, which repealed the act of 1897, had gone into effect while the surveyor whose duties were enlarged by the repealed acts was still serving his term, it would not be in conflict with the constitutional provision invoked.    Counsel argue that it is within the authority of the legislative assembly to impose new duties upon the surveyor after his election, and fix a compensation therefor, and that it may, without violating the constitutional limitation in question, relieve the surveyor still remaining in office from the discharge of duties imposed, and deprive him of the compensation allowed, by the former statute.    Counsel advance the view that the legislative assembly, after adding duties and providing compensation for them affecting the surveyor then in office, may not take away such duties and attendant emoluments from a subsequent surveyor, unless it be done before the election of such successor,—in other words, that the surveyor is entitled to discharge the duties and receive the fees which are prescribed and allowed at the time of his election, and that a statute purporting to curtail such duties, or to relieve him of some of them, is a law diminishing his emolument after his election. We are unable to approve of the distinction attempted to be

drawn. The office of county surveyor was created by the Constitution, but his duties and emoluments are matters entirely within legislative control, subject to the prohibition of the fundamental law against the increasing or diminishing of his salary or emolument after his election. The legislative assembly may, from time to time, increase or lessen the duties required to be performed by the officer; it may allow compensation for the added duties; it may also lessen the duties, and deprive him of the emoluments attendant upon the performance of the duties of which he is relieved. Of course, if at the time of his election the statute prescribed a certain salary, designed to cover all services that the officer as such might perform, then it is not within the competency of the legislative assembly to increase such salary nor to diminish it while the obligation still rests upon the officer to perform all or any of the services enjoined upon him at the time of his election. Where, however, the statute in force at the time the surveyor was elected exacted from him the discharge of certain duties for which certain fees were allowed,—as in the case at bar,—the legislative assembly may at any time relieve him of the duties, and deprive him of the compensation allowed; for it is not the intention of the Constitution to prohibit a lessening of the duties of such officer as the county surveyor after his election, even though the effect be to curtail or lessen his total income. Where such officer is paid by fees or a per diem compensation measured by the services performed and the time employed, his emoluments are not, within the meaning of Section 31 of Article V. of the Constitution, diminished by a statute, taking effect after his election, which relieves him of the obligation to perform the duties resting upon him, and destroys the compensation which had theretofore been prescribed for their discharge. The supreme court of Kentucky, in *Purnell et al.* v. *Mann et al.*,—decided on December 10, 1898, and reported in 48 S. W. 407,—had before it a question identical with the one presented in this case. A statute was enacted in March, 1898, which took away from the county judges, clerks and sheriffs in office at the time

it was passed certain compensated duties, which, under the laws in force at the time of their election, they were required to discharge; and it was contended that the statute was violative of a constitutional provision similar to Section 31 of Article V, for the reason that in depriving those officers of the fees allowed at the time of their election for the performance of the duties then required of them the statute changed their compensation after their election. The court say: "The act does not, as argued, violate section 161 of the constitution, which forbids the compensation of any city, county, town or municipal officer being changed during his term of office; for the duties imposed by the general election law upon the various county officers do not, except in virtue of a repealable statute, pertain at all to several offices; and, of course, when they are, by an amendatory statute, relieved of these duties, their per diem pay ceases without at all involving a change of compensation in the meaning of section 161." Nor is the case of *Bright* v. *Stone*, decided by the same court, and reported in 43 S. W. 207, in conflict with the Purnell case, for in the former case the point decided was, as we understand it, that a statute enacted during the term of office of a circuit clerk, by which he was allowed fees for performing certain services required of him when he was elected, but not then compensated, was repugnant to the prohibition of the Constitution.

We think a careful reading of the original opinion (the language of which is, perhaps, not as clear as might be desired) will disclose that the decision therein announced is based upon the doctrines here referred to; and that it was not intended to declare that the new duties imposed by the act of 1897 were new, additional, or extraordinary in respect of the plaintiff, who was elected in 1898. Comments upon the fact that the office of road supervisor is a legislative, not constitutional, creation, were indulged in for the purpose of illustrating the power of the legislative assembly to abolish that office, and transfer its duties to the county surveyor.

The motion for a rehearing is denied.