THE STATE ex rel. THOMAS B. HARVEY, Circuit Attorney; v. JEREMIAH SHEEHAN, Auditor of City of St. Louis.

In Banc, December 21, 1916.

1. **CONSTITUTIONAL LAW: Presumption of Validity: Harmonizing.** The presumption must always be indulged that the Legislature did not intend to violate the Constitution, and the burden is on him who asserts an act is invalid or meaningless. Acts of the Legislature and provisions of the Constitution must be read together, and so harmonized as to give effect to both, when this can be reasonably and consistently done.

2. ———: ———: **Counties May Mean City.** The term "counties" found in the Act of 1913, which requires prosecuting or circuit attorneys of cities having five hundred thousand inhabitants to

State ex rel. v. Sheehan.

attend coroner's inquests and declares that for such services they shall be paid ten dollars for each inquest, "to be paid as other costs by the respective counties," should, in view of section 23 of article 9 of the Constitution and section 3508 and sub-division 19th of section 8057 of the Revised Statutes 1909, be construed as including the city of St. Louis, and when so construed the act is not meaningless.

3. ———: Class Legislation: Applicable Only to One City. The Act of 1913, Laws 1913, p. 110, requiring "prosecuting or circuit attorneys of cities that now have or may hereafter have five hundred thousand inhabitants or more" to attend coroners' inquests and make an investigation concerning the cause of death and declaring that for said services there shall be taxed as costs "in favor of said prosecuting or circuit attorney" a fee of ten dollars for each inquest, "to be paid as other costs by the respective counties," was not intended to apply to the city of St. Louis alone, but is applicable to all counties having a population of five hundred thousand inhabitants or more and to all cities which by law sustains the same functional relation to the State as do counties, and when so viewed, although its language is ambiguous, is not special or local.

4. ———: Increase of Salary. An act which enjoins on an officer new and additional duties and provides merely a compensation therefor, is not violative of the provision of the Constitution prohibiting any increase in the pay of an officer during his term of office. The Act of 1913, Laws 1913, p. 110, requiring the circuit attorney of the city of St. Louis to attend coroner's inquest in cases of death occurring by violence and which may be the result of a felony, to make an investigation concerning the cause of the death, cause any witness he may desire to be brought before the coroner, and the coroner to permit him to assist in the interrogation of witnesses for the full development of the circumstances leading up to the death, all for the purpose of informing the circuit attorney concerning any possible criminal charge that may grow out of said death, and declaring that for said services there shall be taxed as costs a fee of ten dollars in favor of the circuit attorney for each inquest, "to be paid as other costs," is not invalid as increasing the pay of the circuit attorney who was in office at the time the act was passed, but as it enjoins on him new and additional duties he is entitled to be paid ten dollars for each inquest.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

Reversed (*with directions*).

*Thomas B. Harvey* for appellant.

(1) The city of St. Louis is a political subdivision of the State and bears relations thereto as a county and performs all the functions of a county; and legislation imposing duties upon the counties of the State, includes the city of St. Louis. R. S. 1909, secs. 3508, 8057; State ex rel. v. Finn, 4 Mo. App. 347; Brown v. Marshall, 241 Mo. 707; St. Louis v. Dorr, 145 Mo. 466; State ex rel. v. Rebenack, 135 Mo. 340; Railroad v. Gildersleeve, 165 Mo. App. 379. (2) Each county of the State, including the county of the city of St. Louis, has a public prosecutor who is designated either as prosecuting attorney or as circuit attorney and all have jurisdiction of felonies and the same general duties and powers; and the act devolving duties upon circuit and prosecuting attorneys in their respective counties, designates the circuit attorney to perform those duties in the city of St. Louis, although in said city is another official whose title is "Prosecuting Attorney of the St. Louis Court of Criminal Correction," but whose sole duty is the prosecuting of misdemeanors in said court. Sec. 975 et seq., R. S. 1909; State v. Speritus, 191 Mo. 38; State ex rel. v. Williams, 221 Mo. 261; Laws 1865, p. 77. (3) An act of the Legislature imposing upon an officer additional duties not within the sphere of his office and providing additional compensation for the discharge of said new duties, and though passed during his term of office, applies to said officer and is not within the inhibition of section 8 of article 14 of the Constitution forbidding the increase of compensation or fees of an officer during his term. Cunningham v. Railroad, 165 Mo. 270; State ex rel. v. Walker, 97 Mo. 162; 29 Cyc. 1429; County of San Luis Obispo v. Felts, 104 Cal. 60; State v. County Commrs., 23 Mont. 250; Lewis v. State ex rel., 21 Ohio Cir. Ct., 647; State ex rel. v. Carson, 6 Wash. 250; Purnell v. Mann, 105 Ky. 87; James v. Duffy, 140 Ky. 604; Love v. Baehr, 47 Cal. 364; State ex rel. v. Ransom, 73 Mo. 89; State ex rel. v. McGovney, 92 Mo. 428. (4) Statutes are not inter-

preted according to the letter, but according to the intent and meaning, which is .to be determined from the context and the evident purpose of the legislation; and in · order to effect such intent and not strike down a statute, words may be eliminated and others substituted. And where the word "city" is improvidently used instead of "county," the latter may be substituted for the former.   Black on Interpretation of Laws,, pp. 162, 243; Frazier v. Gibson, 7 Mo. 271; St. Louis v. Dorr, 145 Mo. 495; St. Louis v. Christian Brothers College, 257 Mo. 541; In re Ryan's Estate, 174 Mo. App. 202; Rutter v. Carothers, 223 Mo. 641; State v. Moody, 202 Mo. 120; People ex rel. v. Gaulter, 149 Ill. 47; State ex rel. v. Railroad Comm., 137 Wis. 85; Power Co. v. State Board, 94 Ark. 422; Stackhouse v. County Board, 86 S. C. 422; R. S. 1909, sec. 8057; Lancaster v. Frey, 132 Pa. St. 593; State ex rel. v. Phelps, 144 Wis. 1; Clare v. State, 68 Ind. 17; Covey v. Mayor, 149 Pac. (Kan.) 689; State v. Radford, 82 Kan. 853.

*William E. Baird* and *Truman P. Young* for respondent.

(1) The Act of March 25, 1913, is void. (a) It is void for ambiguity.   (b) If said act is to be construed to apply to the city of St. Louis, it is void as being local legislation in violation of the Constitution. Sec. 53, art. 4; pars. 2, 15 and 32, Constitution; State ex rel. v. Roach, 167 S. W. 1008; Bridges v. Mining Co., 252 Mo. 53; Hayes v. Mining Co. 227 Mo. 300; State ex rel. v. Turner, 210 Mo. 97. (2) The Act of March 25, 1913, could not take effect during the term of office of the relator. Constitution, sec. 26, art. 14. (3) The increase of the fees of a public officer during his term of office cannot be justified on the ground that they are given as compensation for extra services, if such services are germane to the duties of the office. Dillon on Municipal Corporations (5 Ed.), sec. 426; Mechem on Public Offices, sec. 862; Lewis v. State ex rel., 21 Ohio Cir. Ct. 410; White v. East Saginaw, 43 Mich. 567; State ex rel. v. Raine, 49 Ohio St. 580; Bright v. Stone, 43

S. W. 207; Folk v. St. Louis, 250 Mo. 116. (4) The above constitutional provision should be distinguished from other similar provisions forbidding an increase of compensation, but saying nothing about fees. The word "compensation," when used alone in such constitutional provisions, has been held to refer to salary only. Milwaukee v. Hackett, 21 Wis. 620; Houser v. Seeley, 18 S. D. 318; State ex rel. v. Grimes, 7 Wash. 445; State ex rel. v. Johnson, 123 Mo. 43; State ex rel. v. Smith, 87 Mo. 157; Callaway County v. Henderson, 119 Mo. 32; Givens v. County, 107 Mo. 603; Cunningham v. Railroad, 165 Mo. 277. Therefore, the present provision has explicitly stipulated against an increase of either compensation or fees.

REVELLE, J.—This proceeding by *mandamus* originated in the circuit court of the city of St. Louis and seeks process against the city auditor to compel him to audit a certain certified itemized account for services rendered by relator for attending coroners' inquests, and to issue a warrant for the payment of said account.

The petition recites that appellant has since the first day of January, 1913, been circuit attorney of the city of St. Louis; that the city of St. Louis has more than 500,000 inhabitants; that the forty-seventh General Assembly of the State of Missouri enacted a law requiring the circuit attorneys of such cities to attend inquests held by coroners in cases of death caused by violence which might result in charges of felony, and provided further that said circuit attorneys should receive for such services the sum of ten dollars for each inquest so attended and that such fee should be paid as "other costs" by the city; that said act was passed with an emergency clause and was in full force and effect during all the time for which appellant makes charges, which charges cover and include services performed in the pursuance of said act in connection with forty-four inquests over bodies of the nature described in said act; that a duly itemized and certified account for such services was certified to the city auditor for

payment; that it then and there became the duty of such auditor to audit said account and to issue proper warrants in payment thereof; that there was at the time, and is now, sufficient money in the treasury of the city of St. Louis, appropriated and set apart for the maintenance of the office of the circuit attorney, to pay the amount of said claim, and that the same cannot under the law be paid until it is first audited by the said auditor; and, that the respondent has arbitrarily and unlawfully refused to audit said account or. any part thereof.

The return admits that appellant is the circuit attorney as alleged and that the respondent is the duly qualified and acting auditor of the city of St. Louis.; that the city has more than 500,000 inhabitants and that the law referred to in the petition was duly enacted with an emergency clause. The return alleges, however, that said act does not provide that the fee therein mentioned shall be paid by the city of .St. Louis .and that the said city is not liable to appellant for the fees demanded. The return further alleges that if said act be interpreted as requiring the city to pay such fee it could not apply to appellant because at the time of its passage he was holding office and could not claim the benefits thereof because of section 8, article 14, of the State Constitution. Upon the filing of this return appellant filed a motion to strike out same and have judgment on the pleadings. His motion being overruled, he refused to further plead and judgment was entered for respondent.

The first question presented is the construction and validity of the act of the Legislature (Laws 1913, p. 110), which is as follows:

"That the prosecuting or circuit attorney of cities that now have or may hereafter have 500,000 inhabitants or more is hereby required to attend inquests held by coroners in cases of death occurring by violence, and which may result in a charge of felony; and said prosecuting or circuit attorney shall make an investigation concerning said death and cause to be brought before

the coroner any witnesses he may desire, and shall be permitted by the coroner to assist in the interrogation of witnesses for the .full development of the circumstances leading up to and resulting in said death, and for his information concerning any possible criminal charge that may grow out of the same, and for the aforesaid services there shall be taxed as costs a fee in favor of said prosecuting or circuit attorney of ten dollars for each aforesaid inquest, to be paid as other costs by the respective counties. It shall be the duty of each coroner to promptly notify the prosecuting attorney of his county or city of the time and place of inquisition concerning any death of the aforesaid character.''

Respondent contends that the act quoted is void because meaningless and uncertain as to the things to which applicable and because local and special, if so construed as to make the word ''counties,'' found in the latter provision of the act, include the city of St. Louis. The act is not skillfully drawn and might, in the absence of recognized rules of construction, be so interpreted as to subject it to the charges made, but, in dealing with subjects of this character we are constantly reminded by both our own holdings and certain principles uniformly accepted as sound, that it is our duty to resolve all doubts in favor of the validity of a legislative act, we always being reluctant to declare statutes unconstitutional. We indulge the presumption that the Legislature did not intend to violate the organic law of the State and we place the burden upon him who asserts the contrary to so convince us. Acts of the Legislature and provisions of the Constitution must be read together and so harmonized as to give effect to both when this can be reasonably and consistently done. [Straughan v. Meyers, 268 Mo. 580.] We have frequently .said that doubtful words of a statute will be enlarged, restricted, supplied, or even stricken out in order to make them conform to the true intent of the lawmakers, when such intent is manifested by the aid of sound principles of interpretation. [State ex rel.

Aull v. Field, 112 Mo. 554; Glaser v. Rothschild, 221 Mo. l. c. 211; Bingham v. Birmingham, 103 Mo. 345; State ex rel. v. King, 44 Mo. 283; Perry v. Strawbridge, 209 Mo. l. c. 645.]

We have no doubt that under the 19th sub-division of section 8057, Revised Statutes 1909, and section 3508, Revised Statutes 1909, and section 23, article 9, of the Constitution, the term "counties" found in connection with the provision of the act under review and which prescribes liability for the fee mentioned, should be construed as including the city of St. Louis. With such construction, the complaint that the act is meaningless becomes of no avail, as was held in the divisional opinion, and with which on that point we agree. The question then becomes whether the act is special and local and therefore violative of paragraphs 2, 15 and 32 of section 53, article 4, and section 8, article 14, of the State Constitution.

A careful consideration of the act in question, giving effect to both its letter and apparent spirit, leads us to believe that it was not intended to apply solely to the city of St. Louis. It expressly provides in its latter provisions for the payment of the prescribed fees by *counties* which have a prosecuting or circuit attorney, and by its first provision is limited to sub-divisions which have a population of 500,000 or more inhabitants.

We take judicial notice of the fact that the city of St. Louis is the only city or county (and for these purposes it is regarded as a county) that has a circuit attorney, the counties having what is styled a "prosecuting attorney." The circuit attorney in the city of St. Louis performs the same functions as prosecuting attorneys in the counties, saving and excepting in particular respects for which other provision is made. For general purposes he is to the city of St. Louis what the prosecuting attorney is to a county.

Unless we disregard canons of construction we must hold the act in question to be merely ambiguous and then so construe same as to make it applicable to all counties which have a population of 500,000 or more inhabitants and all cities which by law are permitted or required to

perform the same functions in relation to the State as are counties. Giving the act in question this construction, it obviates all charges of offensiveness to the Constitution, and but gives effect to the apparent intention of the Legislature.

Another contention made is that since the appellant was an officer at the time of the passage of the act, it is inapplicable to him because the Constitution prohibits any increase in the pay of an officer during his term of office. We think this contention unsound because the act in question enjoins upon such officers as appellant new and additional duties and provides merely a compensation therefor. While in some jurisdictions a constitutional provision such as ours has been held to inhibit even this, in this and many other states the contrary doctrine has been accepted and acted upon. [Cunningham v. Current River Railroad Co., 165 Mo. 270; State ex rel. v. Walker, 97 Mo. 162; State ex rel. v. Ranson, 73 Mo. 89; State ex rel. v. McGovney, 92 Mo. 428; County v. Felts, 104 Cal. 60; State ex rel. v. Board of Commissioners, 23 Mont. 250; State ex rel. v. Carson, 6 Wash. 250; Love, Attorney-General v. Baehr, Treasurer, 47 Cal. 364; Purnell v. Mann, 105 Ky. 87; Lewis v. State ex rel., 21 Ohio C. C. 410.]

It is our opinion that the act is valid and that the appellant is entitled to the fees demanded and that the respondent was not justified in refusing to audit the account and draw a warrant therefor on the city treasury.

The judgment is therefore reversed with directions that the writ of mandamus prayed for by relator be made peremptory.

All concur except *Walker* and *Faris, JJ.*, who dissent.