The county court of Jasper county by an order of record employed Robert A. Mooneyham as a tax ferret to ferret out property concealed or omitted *Page 578 
from assessment and furnish lists of same to the proper officers so that such property could be assessed and taxes thereon collected. Mr. Mooneyham performed his part of the contract and as a result of his efforts a large amount of property that had been escaping taxes was added to the assessment in the county and the revenues largely increased thereby. Under the contract between the county court and Mr. Mooneyham, he would have been entitled to $20,000 as compensation for his services but he voluntarily relinquished all but $6000 and the court issued a warrant to him for that amount. This warrant was presented to the treasurer and protested for want of funds. Afterward the prosecuting attorney on his own initiative and in his official capacity instituted this proceeding to enjoin the payment of the warrant for $6000 issued to Mr. Mooneyham. The trial court found for plaintiff and entered judgment perpetually enjoining the payment of the warrant. Defendants appealed.
The appeal in this case was granted to the Supreme Court but that court held it was without jurisdiction and remanded the case to this court.
Some question is raised in this court as to the authority of the prosecuting attorney to prosecute this action on his own initiative and in his official capacity, it being contended that a suit of this character should be brought by taxpayers. In the view we take of this case, it will not be necessary for us to pass upon that question.
The question for our determination on the merits of this case is the authority of the county court of Jasper county under the statutes of this State to employ Mr. Mooneyham for the purpose of ferreting out unassessed property in Jasper county and reporting it to the officers so that it could be assessed and revenues derived therefrom. Attorneys on both sides have furnished us with able and elaborate briefs dealing with the authority of the county courts generally and especially in relation to the assessment of property and the collection of taxes. As we view this case, the question here involved is settled by the plain provisions of section 12797, Revised Statutes 1919. This section reads as follows: *Page 579 
"Sec. 12797 — PRECEDING FIVE SECTIONS NOT TO APPLY TO CERTAIN COUNTIES, etc. — Nothing in the preceding five sections shall be construed to apply to counties which have already adopted a method of plats and abstracts to facilitate the assessment and collection of the revenue; nor shall the provisions of the preceding five sections apply to counties having a less population than forty thousand, unless a majority of the voters in any such county shall elect to adopt its provisions at a general election upon the question being ordered to be submitted by the county court: Provided, that in counties having apopulation of over forty thousand the county court may, inaddition to the foregoing provisions for securing a full andaccurate assessment of all property therein liable for taxation,or in lieu thereof by order entered of record adopt for the wholeor any designated part of such county any other suitable andefficient means or method to the same end, whether by procuringmaps, plats or abstracts of titles of the lands in such county ordesignated part thereof or otherwise, and may require theassessor, or any other officer, agent or employee of the countyto carry out the same, and may provide the means for payingtherefor out of the county treasury." (The italics are ours.)
This court will take judicial notice that Jasper county has more than forty thousand population. [State ex rel. v. Hermann,75 Mo. 340, 352; Dunne v, K.C. Cable Ry. Co., 131 Mo. 1,32 S.W. 641; State ex inf. v. Evans, 166 Mo. 347, 166 S.W. 355; State ex inf. v. Southern 265 Mo. 275, 289, 177 S.W. 640.]
The five preceding sections referred to in the section quoted relate to the contents of the assessor's books, both real and personal, securing and keeping of plats of lands and land lists, keeping of a mortgage list by the recorder and the employment of an abstracter of title to abstract delinquent lands. These five sections are followed by section 12797 quoted above. We have found no case in which this section of the statute has been construed but it seems to us that by its plain terms in the *Page 580 
latter part of the section the county courts of counties of over forty thousand population have the authority to take the course pursued by the county court of Jasper county in this case. The Legislature evidently understood that in the larger counties, the opportunity for concealing wealth from taxation would be much greater than in the smaller counties and they evidently intended by the provisions of the statute aforesaid to put it in the power of the county court in those counties to ferret out property that was being withheld from assessment and place it upon the tax books of the county so that it should bear its proportion of the burdens of taxation.
Counsel for respondent in this case make the point that the latter part of section 12797, Revised Statutes 1919, which we have italicised, is only a proviso to the section and for that reason could not grant any additional authority not previously granted. This contention is based on the well-recognized rule that a proviso in a statute is always a restrictive part of it and its only purpose is to restrict the effect of the other part of the statute and can never be used to enlarge the scope of the other part of the statute nor to grant a power not already granted. We concede the correctness of the rule now sought to be invoked but do not think it applicable to the statute under consideration. There are other rules of construction that are as universally accepted as the one sought to be invoked by respondent in this case. The first rule to be observed by the courts in the construction of statutes, and the one to which all others are aids, is, that the intent of the Legislature, when ascertainable from the language used, construed in the light of the end sought to be obtained, must control.
If the intent of the Legislature is reasonably clear then all grammatical errors and errors in spelling and punctuation are disregarded or corrected. The meaning of words may be limited, restricted or expanded by construction of the courts when it becomes necessary in order to make the law harmonize with reason and properly express what was in fact intended by the lawmakers *Page 581 
in enacting the law. [St. Louis v. Christain Bros. College,257 Mo. 541, 552, 165 S.W. 1057; Stack v. General Baking Co.,283 Mo. 296, 410-413, 223 S.W. 89.]
To accomplish the same purpose words omitted may be read into the statute. [Lewis' Sutherland Statutory Construction (2 Ed.), sec. 382; State ex rel. v. King, 44 Mo. 283.]
For the same reason a word, phrase or sentence may be read out of the statute. [State ex rel. v. Sheehan, 269 Mo. 421, 427,190 S.W. 864.]
The position of respondent is bottomed on the fact that the latter part of section 12797 which we have italicised and which we hold granted power to act, follows the word "Provided." It is assumed that because the word "Provided" is used to introduce that portion of the statute that what follows is necessarily a proviso. We do not agree with that contention. It appears clear to us that the Legislature did not intend the latter part of that section to be in any sense restrictive. It could not be so. To call it a proviso and give it a restrictive meaning would be absurd and result in giving it no meaning at all. The purpose of the entire act, of which this section is a part, is to facilitate the assessment of property and the collection of revenue and that portion of the section now under consideration expressly states that counties of more than 40,000 population may, "In addition to the foregoing provisions for securing a full and accurate assessment of all property therein liable for taxation or in lieu thereof," do the things which it is now contended are found in a proviso which can be restrictive only. If it is "in addition to" or "in lieu of" the preceding provisions it could not be restrictive of the same provisions and to give it that construction is to strike it down entirely. If we do that we violate another cardinal rule of statutory construction which is that, if possible, every part of a statute must be given some meaning.
The provision of this statute following the word "provided" is in and of itself a grant of power and not *Page 582 
a restriction upon a power previously granted, and the fact that this part of the section is introduced by the word "Provided" does not change its character nor destroy its purpose and meaning. It is, therefore, not subject to the rule that provisos in statutes are restrictive in nature. Although the word "Provided" is used we do not regard what follows it as a proviso. The word "Provided" when used in a statute is not always a restrictive term but may be used as a conjunctive to an independent paragraph. [3 Words and Phrases (2 Ed.), p. 1317; Carter-Webster Co. v. United States, 143 F. 256, 259.]
We think the word provided should be given a conjunctive use in this statute for by using it in that sense the clear intention of the Legislature is expressed.
We can well uphold that part of the statute upon the familiar rule of construction that when the intent clearly appears a word or words omitted may be read into the statute. Under this rule we can read in the word "Further" immediately following the word "Provided" so that the part of the statute now under consideration will have for its introduction the words "Provided further." In that case there could be no claim that a restrictive clause followed. If we preferred to do so we could read out of the statute the words "Provided that" and in their stead read into the statute the word "But," and the grammatical construction would still be good and the meaning be clearly expressed.
Our final conclusion is that the portion of the statute sought to be eliminated under the rule that a proviso can only be given a restrictive meaning is not, in fact, a proviso at all, but is an affirmative part of the statute and grants to the county courts of counties containing more than 40,000 population the power to employ a suitable person to assist in discovering property concealed from assessment as was done in this case.
The judgment will be reversed and the cause remanded with directions to set aside the judgment entered and enter judgment dismissing plaintiff's bill. Farrington and Bradley, JJ., concur. *Page 583