PETITION OF CONSOLIDATED SCHOOL DISTRICT NUMBER 1 and CONSOLIDATED SCHOOL DISTRICT NUMBER 3 OF CLINTON COUNTY, CONSOLIDATED SCHOOL DISTRICT NUMBER 3 OF MACON COUNTY, CONSOLIDATED SCHOOL DISTRICT NUMBER 3 OF BUCHANAN COUNTY, CONSOLIDATED SCHOOL DISTRICT NUMBER 2 OF MISSISSIPPI COUNTY, CONSOLIDATED SCHOOL DISTRICT NUMBER 2 OF MARIES COUNTY, CONSOLIDATED SCHOOL DISTRICT NUMBER 1 OF CAPE GIRARDEAU COUNTY, and MYERS CONSOLIDATED SCHOOL DISTRICT NUMBER 2 OF HOWARD COUNTY v. GEORGE E. HACKMANN, State Auditor.

**In Banc, February 13, 1924.**

1. **STATUTES: Construction: Intention: Rejection of Words and Figures.** The fundamental rule to be observed in applying a statute to a concrete matter is to ascertain and give effect to the purpose of the Legislature; and in pursuance to that rule, the court may reject words and figures, when necessary to give effect to the manifest intention of the framers of the statute.

2. ————: **Clerical Errors.** Mere verbal inaccuracies or clerical errors in the use of words, or numbers, or in grammar, or spelling or punctuation, in statutes, will be corrected by the court, when necessary to carry out the intention of the Legislature as gathered from the entire act.

3. ————: ————: **Appropriation Act: Reference to Wrong Article of Existing Law.** Section 26 of the Appropriations Act of 1923 appropriated, and set apart for the support of the public schools of the State, the sum of $288,000, for carrying into effect the provisions of Article VI, Chapter 102, of the Revised Statutes of Missouri, 1919, "in aid of the rural high schools of the State." Said "Article VI" made no provisions "in aid of the rural high schools," but Article IV did, and specified the amount of such aid each consolidated school district should receive. *Held*, that it is clear that the legislative intention was to make the appropriation "in aid of rural high schools," and that the reference to "Article VI" was a clerical error.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*R. H. Musser, Pross T. Cross* and *Lionel Davis* for relators.

*Jesse W. Barrett,* Attorney-General, and *Robert W. Otto* and *George W. Crowder,* Assistant Attorneys-General, for respondent.

LINDSAY, C.—The foregoing consolidated school districts filed their petition for mandamus against the State Auditor to compel him to draw his warrants upon the State Treasurer, for the amount respectively claimed to be due on June 30, 1923, to each of the several petitioners, in payment of the state aid provided for under the provisions of Article IV, Chapter 102, Revised Statutes 1919, alleged to have been appropriated for that purpose by the Act approved April 24, 1923.

The amount claimed by each of said districts is a sum equal to $25 multiplied by the number of square miles or fraction thereof of area in the district, as provided by Section 11264, Revised Statutes 1919. In addition to the state aid based upon its area, Myers Consolidated School District Number 2 of Howard County also asks for $1500 on account of a school house, costing $6000, and erected under the provisions of Section 11263. The petition sets out the facts bringing the relators respectively within the provisions of Article IV of Chapter 102, Revised Statutes 1919, and as entitled to the special state aid contemplated in said article, and alleges the passage of an act appropriating the moneys provided for the years 1923 and 1924, in accordance with the provisions of said Article IV, and alleges demand and the refusal of the Auditor to issue warrants accordingly. The payments demanded are those alleged to have been due on June 30, 1923.

The parties first stipulated in writing that the order awarding or denying the alternative writ would be ac-

cepted as a final disposition, and abided by as such. This upon suggestion of the urgent need of an early disposition.

The Attorney-General has now filed his waiver of the issuance and service of an alternative writ, accepting the application and petition as and for a formal writ, and demurs thereto, and the cause is submitted upon the pleadings and the suggestions filed. The first ground of demurrer is general, and needs no consideration. The second ground of demurrer is that relators ask relief as consolidated school districts organized under the provisions of Article *IV* of Chapter 102, and next by virtue of the Appropriation Act passed in 1923, and particularly and solely by Section 26, of that Act; that said Section 26 "expressly provides" that the appropriation set apart thereby is "for carrying into effect the provisions of Article *VI* of Chapter 102 of the Revised Statutes 1919, in aid of the rural schools of the State," and "that thereby it is apparent relators are not entitled to the relief sought. Reduced at once to the only real issue, the question is whether the reference, in said Section 26 of the Act of Appropriation, to "Article VI" instead of "Article IV" was an error due to inadvertence or clerical mistake, or, the question is stated by the Attorney-General in the brief filed, thus: "whether the court may, by construction, reject the numeral *VI* named in said section, and read into the section in lieu thereof the numeral IV?"

The fundamental rule to be observed is to ascertain and give effect to the purpose of the Legislature. Upon that rule the court may reject words and figures when necessary to give effect to the manifest intention of the framers of the statute. [State ex rel. v. Koeln, 278 Mo. l. c. 41; Lincoln University v. Hackmann, 243 S. W. 320; State ex rel. v. Sheehan, 269 Mo. 421; St. Louis v. Murta, 283 Mo. 77; State ex rel. v. Gmelich, 208 Mo. 152; State ex rel. v. McQuillin, 246 Mo. l. c. 534; State

ex inf. v. Amick, 247 Mo. l. c. 291; Curtis v. Sexton, 252 Mo. l. c. 245.]

"In construing a statute, the legislative intent is to be determined from a general view of the whole act, with reference to the subject-matter to which it applies and the particular topic under which the language in question is found." [36 Cyc. 1128.] Examining the law as it existed when the Appropriation Act was passed, and the purpose shown by said Section 26, and the sections following, dealing with the subject of state aid to school districts, we find:

Provisions are made for state aid to certain school districts of different classes, and under certain conditions. The provisions as to one class are found in Article IV, of another in Article VI, and of the third in Article VII, of Chapter 102. The provisions of Article IV include provisions concerning city, town and consolidated schools, and also certain sections which are particularly applicable to what may be called the "rural high schools," to which state aid may be given. Under the provisions of Sections 11258, 11259, 11260, 11263, 11264, the primary requisite there for the formation of the district is area. The district must have an area of at least twelve square miles. It must also have at least two hundred children of school age. Transportation of the pupils is one of the questions that may be voted upon and provided for. There must be given an approved course of at least one year in agriculture. The various provisions in the sections mentioned clearly have reference to conditions in rural communities.

Under Section 11263 of Article IV, state aid is authorized in the erection of a central high school building. Under Section 11264 special state aid of twenty-five dollars per year is authorized for each square mile or fraction thereof in area of the district, but in all not exceeding $800 per year. Section 26 of the Act of 1923 (Laws 1923, p. 22) is as follows:

302 Mo. Sup.—36.

"Sec. 26. *Rural high schools.*—There is hereby appropriated out of the state treasury, chargeable to the one-third part of the ordinary revenue paid into the state treasury for the fiscal years beginning on the 1st day of July, 1922, and ending on the 30th day of June, 1924, and set apart for the support of the public schools of the state, the sum of two hundred eighty-eight thousand ($288,000) dollars for carrying into effect the provisions of Article VI, chapter 102, of the Revised Statutes of Missouri, 1919, in aid of the rural high schools of the State."

While this section makes reference to Article VI, it carries the explicit statement that the appropriation is "in aid of the rural high schools of the State," which clearly constitute the class dealt with in the Article IV, to which state aid is to be given, and clearly are not the class referred to in Article VI. Turning to Article VI, there is found another class of schools to which state aid may be granted. They are designated as city, town or consolidated school districts. The basis of the aid authorized to be granted to these is the assessed valuation of the property and not area. [Sec. 11295.] In these schools provisions are made for "teacher-training courses." [Sec. 11298.] The schools in the classes mentioned in this article received their appropriation for state aid under the provisions of Section 27 of the Act of 1923. It is as follows:

"Sec. 27. *Teachers' training courses in high schools.*—There is hereby appropriated out of the state treasury chargeable to the general revenue fund the sum of three hundred ninety-six thousand ($396,000) dollars, for carrying into effect the provisions of Article VI, chapter 102, of the Revised Statutes of Missouri, 1919, in aid of the teachers' training course in the high schools in this State."

This section clearly and correctly refers to the schools described in Article VI—schools having a "teachers' training course" and clearly distinguishing them from the schools contemplated in Article IV.

Going beyond Articles IV and VI, and Sections 26 and 27 of the Act of 1923, it is not improper to notice Article VII, and the cognate section of the Appropriation Act—Section 28 of that act. Article VII provides for state aid for teacher-training courses in cities of seventy-five thousand inhabitants or over. Section 28 of the appropriation Act (Laws 1923, p. 23) is as follows:

"Sec. 28. *Teachers' training courses in certain city school districts.*—There is hereby appropriated out of the state treasury, chargeable to the general revenue fund, the sum of one hundred and eighty thousand dollars ($180,000), for carrying into effect the provisions of Article VI, Chapter 102, Revised Statutes 1919, in aiding the teachers' training course in certain city high school districts of this State."

It is noted that in this section the reference is again to Article VI. The applicability of Section 28 to the school districts described in Article VII is not in issue here, and it appears is not in dispute at all. Under said Sections 26, 27 and 28 of the Act of 1923, beyond doubt, the Legislature intended to provide state aid, severally, to three classes of schools. In each section apt words are used, descriptive of the class for which the appropriation was made. They cannot all belong to the class or classes described in Article VI. The clear intention of the Legislature, manifested in Section 26, as reviewed in the light of the other sections of the appropriation act and of the general enabling provisions of Articles IV, and VI and VII, should not be defeated by what can be regarded as merely a clerical error in the use, in Section 26, of the numeral "VI," instead of the numeral "IV." The court is well warranted in reading into said Section 26 the numeral "IV" instead of "VI" as giving effect to a clear legislative purpose. In each of said sections—26, 27 and 28—the beneficiary classes are clearly pointed out in their identity with the respective classes described in Article IV, VI, and VII. The right to disregard the inaccurate numeral or make the

necessary correction under the circumstances shown here is undoubted. It is in accordance with a well recognized rule. "Mere verbal inaccuracies or clerical errors in statutes in the use of words, or numbers, or in grammar, spelling, or punctuation, will be corrected by the court, whenever necessary to carry out the intention of the legislature as gathered from the entire act." [36 Cyc. 1126; Endlich on Interpretation of Statutes, par. 319; 2 Lewis-Sutherland on Statutory Const. (2 Ed.) par. 410; Frazier v. Gibson, 7 Mo. 271; Ellis v. Whitlock, 10 Mo. 781; State ex rel. v. Koeln, 278 Mo. 28.] To hold otherwise, would render Section 26 ineffectual, and would convict the Legislature of an absurdity, or of a carelessness resulting in a wrong beyond immediate remedy.

A peremptory writ should issue.

PER CURIAM:—The Court in Banc directed LINDSAY, C., to prepare an opinion in this case. In obedience to such direction the foregoing opinion was prepared and submitted, and it is hereby adopted as the opinion of the court. The absolute writ of mandamus is directed to issue as indicated by the opinion. All of the judges concur.

---

Headnotes 1 and 2:  Statutes: 1, 36 Cyc. 1106, 1109, 1128;  2, 36 Cyc. 1126.  Headnote 3:  Schools and School Districts, 35 Cyc. 822.