STATE OF MISSOURI, EX REL., PATRICK M. KENNEY, ANNA KENNEY AND ALROY S. PHILLIPS, RELATORS, v. MISSOURI WORKMEN'S COMPENSATION COMMISSION, RESPONDENT.*—40 S. W. (2d) 503.

St. Louis Court of Appeals. Opinion filed June 23, 1931.

502

*Alroy S. Phillips* for relators.

*Stratton Shartel,* Attorney-General and *Denton Dunn,* Assistant Attorney-General, for respondent.

BECKER, J.—This is a petition by the dependents of a deceased employee for an alternative writ of mandamus directed to the Missouri Workmen's Compensation Commission, to compel it to certify the record of their cause to the circuit court on their appeal from an award of the commission, in which the petition shows the following ultimate facts.

The claim for compensation was duly filed and heard by one commissioner, who, on March 28, 1931, made and duly issued a finding and award in favor of the dependents. Within ten days from the date of this award the employer and insurer duly filed an application for review, and the dependents filed no such application. After the time for filing such application expired, the commission permitted the employer and insurer to withdraw their said application. On April 27, 1931, within thirty days from the date of the award, the dependents and their attorney duly filed with the commission a notice of appeal to the circuit court. And the commission now refuses to certify the record to the circuit court on the ground that the dependents failed to file an application for a review of the award.

The only question in the case is whether an appeal may be taken to the circuit court from the award of one commissioner, without an application for review and a review by the full commission.

The sections of our Workmen's Compensation Act which are germane to the question in hand are sections 3339, 3341 and 3342, Revised Statutes 1929.

Section 3339, among other things, provides that "the commission or any of its members shall hear in a summary proceeding the parties at issue and their representatives and witnesses and shall determine the dispute. All evidence introduced at any such hearings shall be reported by a compentent stenographer appointed by the commission. The award, together with a statement of the findings of fact, rulings of law and any other matters pertinent to the question at issue, shall be filed with the record of proceedings, and a copy of the award shall immediately be sent by registered United States mail to the parties in dispute and the employer's insurer."

Section 3341: "If an application for review is made to the commission within ten days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence, or, if deemed advisable, as soon as practicable hear the parties at issue, their representatives and witnesses, and shall make an award and file same in like manner as specified in the foregoing section."

Section 3342: "The final award of the commission shall be conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award, appeal to the circuit court of the county in which the accident occurred. . . ."

The fundamental rule in the construction of the statutes is to ascertain and give effect to the purposes of the Legislature (Consolidated School District No. 1 v. Hackmann, 302 Mo. 558, 258 S. W. 1011], and a statute must be liberally construed in the light of its underlying reasons, keeping in mind the furtherance of the purpose sought thereby. [Lusk v. Public Serv. Comm. of State of Mo., 41 S. Ct. 192, 254 U. S. 535, 65 L. Ed. 289.]

It would thus seem that the Legislature intended and expected that in most cases the claim of an employee would be presented to an individual commissioner or a referee for the obvious purpose of expediting the great number of claims that of necessity arise under the act, and in the belief that a percentage of cases would thus be finally disposed of by the award of such single commissioner or referee, and therefore the Legislature provided that only when either party is dissatisfied with the finding and award of the commissioner, and a rehearing is requested, that it be mandatory for the full commission to review the evidence and make an award; and by section 3342, make a "final award of the commission conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award, appeal to the circuit court of the county in which the accident occurred."

It would hardly seem reasonable, in light of a reading of the sections of the statute in point here, that the Legislature intended to provide a method of appeal direct from the award and findings of fact made by a single commissioner when it has definitely provided a simple, expeditious and mandatory right of review by the entire commission upon the mere request for such review by either party to the controversy. This view is strengthened rather than weakened by the fact that the award and findings of fact of the single commissioner, absent a request for review, become final and may be filed in the circuit court with the same force and effect as a final award by the full commission—this for the reason that since if either party is dissatisfied with the award he has his simple remedy of review and

therefore obviously if no review is requested by either party the parties to the controversy must be viewed as satisfied with the award made by the single commissioner. If, therefore, the parties are satisfied with the award as evidenced by their failure to ask for a review, it would seem inconsistent as well as useless to provide for an appeal direct to the circuit court in such cases.

Again, if an appeal would lie directly from such award by the single commissioner, where no review before the full commission had been requested, a number of cases would undoubtedly be taken directly to the circuit court on appeal, thereby cutting out the opportunity of additional testimony being adduced or further inquiry made as to the facts of the case, whereas by the simple review provided by the statutes the full commission has full power and authority to hear additional or omitted testimony on the claim. Again, permitting direct appeal on awards of a single commissioner would result in a far greater number of cases being brought into court on appeal than would reach the court if the simple and orderly procedure of a review of the award by full commission is required. This view seems in full accord with the very object of the act, namely, providing a summary hearing at the least possible expense and without formal court procedure.

Relators seem to rely in great measure upon the case of Junior Oil Co. et al. v. Byrd, 204 Ky. 375, 264 S. W. 846, wherein the Court of Appeals of Kentucky, in passing upon the identical question before us, held that under the Kentucky Workmen's Compensation Act there may be an appeal to the circuit court for review of an award by a single member of the Workmen's Compensation Board though application had not been made for a review of the award by the entire board.

An examination of that case discloses that it is not an aid to relators here but in fact strengthens the contrary view, and that for the reason that though section 4933, Kentucky Statutes, is identical with our section 3339 in that it provides that an application may be heard and determined by the board *or any of its members,* and so too, section 4934, Kentucky Statutes, like our section 3341, provides for a review by the full commission when application for review is made within seven days (our statute allowing ten days for an application for review); but there is a vital difference between the companion sections, Ky. 4935 and Mo. 3342, which provide for appeals.

Section 4935 of the Kentucky Workmen's Compensation Act provides *specifically* for an appeal in cases where the award is made under their section 4933 as well as under section 4934, whereas section 3342 of our statute has omitted such specific reference to our

companion sections and merely provides that "the final award of the commission shall be conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award, appeal to the circuit court. . . ."

It is but fair to assume that if our Legislature in fact adopted these sections from the statute book of the State of Kentucky and yet in the section providing for the right of appeal (our section 3342) omitted therefrom that portion of the Kentucky statute (section 4935) which specifically provides that an appeal shall lie from the section which provides for an award by a single commissioner, and provides only that "the final award of the commission shall be conclusive and binding unless either party to the dispute shall, within thirty days from the date of the final award, appeal to the circuit court," that it did so deliberately and for some purpose. It is a fair inference that our Legislature omitted the specific provision for an appeal from the award of a single commissioner deliberately and with the intention of allowing an appeal only in those cases wherein one or more of the parties to the claim had evidenced their dissatisfaction with the award of such commissioner by requesting a review before the entire commission.

Such view works no hardship upon any one and is in conformity with the intent and spirit of the act to provide a simple, effective and summary determination of claims by the entire commission whenever desired by any party interested. Such construction of the law, in our view, is warranted by the terms of the statutes themselves and makes for uniformity and simplicity in procedure and presents for review on appeal in the courts of law only such awards as have in fact been passed upon by the full commission, a body which is created specially for such purpose and a body which it must be presumed will, upon review, give a correct determination of any complaint that might be brought to it in the cases on review.

We are of the opinion that an application for a rehearing within the time fixed by statute and a final award thereon by the commission, is necessary and a prerequisite to a right to appeal to the circuit court.

It appearing that relators did not avail themselves of the right to a review of the award made by the single commissioner, and therefore no final award having been made by the commission, as contemplated by our statute, they are not entitled to an appeal to the circuit court. The alternative writ of mandamus heretofore issued is quashed. *Haid, P. J.,* and *Nipper, J.,* concur.